IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 94-40368
S))))))))))))))Q

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus


JEROME ARTHUR CHAVIS,

                                        Defendant-Appellant.


S))))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Eastern District of Texas
S))))))))))))))))))))))))))Q
(March 17, 1995)

Before KING, GARWOOD and BENAVIDES, Circuit Judges.

PER CURIAM:

        Defendant-appellant Jerome Arthur Chavis (Chavis) was convicted, following a jury trial, of possession on August 26, 1992, of cocaine with intent to distribute it, contrary to 21 U.S.C. § 841(a)(1), and was sentenced therefor to seventy months' imprisonment and a five-year term of supervised release.  About 11:00 p.m. on the evening of August 26, 1992, Chavis was the driver and sole occupant of a car headed east on Interstate 10 in Orange County, Texas, and was stopped by a Texas Department of Public Safety Officer who observed him change lanes without a signal, contrary to Texas law.  The vehicle was subsequently searched by

the officer at the site of the stop, and a piece of luggage in its trunk was found to contain some 2.5 pounds of cocaine. This was the basis of the prosecution. Chavis moved to suppress the fruits of the search, contending that it violated his Fourth Amendment rights. Following a pretrial evidentiary hearing, the district court overruled the motion. *United States v. Chavis*, 841 F.Supp. 780 (E.D. Tex. 1993). Chavis now appeals his conviction and sentence, complaining only of this ruling.

As Chavis correctly points out, the district court erred in placing the burden of proof on him. *Id*. at 782. Chavis had established, and it was always undisputed, that the stop and search were without a warrant. He had also adequately shown standing, and that, too, was never contested. In these circumstances, "'the burden shifts to the government to justify the warrantless search.'" *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993) (quoting *United States v. De La Fuente*, 548 F.2d 528, 533 (5th Cir.), *cert. denied*, 97 S.Ct. 2640 (1977)). The district court's findings hence may have been influenced by an erroneous view of the law.

We accordingly vacate Chavis' conviction and sentence and remand to the district court to redetermine the suppression issue under the correct burden of proof. If in doing so the court overrules the motion, it shall reinstate the conviction and sentence, and Chavis may again appeal (if the court grants the motion, the government may appeal). *See United States v. Robinson*, 625 F.2d 1211, 1220-21 (5th Cir. 1980); *United States v. Karman*, 849 F.2d 928, 932 (5th Cir. 1988). On remand the district court

2

may—indeed, should—reopen the suppression hearing to allow additional evidence.[1]  It should also address the "good faith" rule of *United States v. DeLeon-Reyna*, 930 F.2d 396, 401 (5th Cir. 1991), particularly as it might relate to the length of the detention.

The conviction and sentence are VACATED, and the cause is REMANDED for further proceedings consistent herewith.

---

[1]    We note that Officer Davis who stopped Chavis testified that he radioed for information on Chavis personally and on his vehicle, and that when, not long after the stop, he asked, and Chavis declined, permission to search the vehicle, he had received back information on Chavis himself but not on the vehicle.  Several minutes thereafter, at the call of Davis, other officers arrived with a narcotics-sniffing dog who ultimately alerted to the vehicle.  Davis was never asked—and never stated—whether by this time he had heard back concerning the vehicle. *Cf. United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993).  As the district court observed, "the record does not specify when the computer check on the car's registration was completed." *Chavis* at 783.