IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40465
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LYONS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CR-96-1
--------------------
January 4, 2002
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Lyons appeals his conviction after a jury trial of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); and being a felon in possession of a firearm (enhanced as an Armed Career Offender) in violation of 18 U.S.C. § 924(e)(1).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

He argues that the district court erred in shifting the burden of proof to him, instead of the Government, during the suppression hearing; that the evidence was sufficient to support his convictions; that the district court erred in increasing his offense level for possession of a dangerous weapon; and that the district court erred in determining the conversion and purity rates used to calculate the amount of drugs attributable to him under the Sentencing Guidelines.

In reviewing a ruling on a motion to suppress, this court reviews the district court's conclusions of law *de novo* and its factual findings for clear error. United States v. Jordan, 232 F.3d 447, 448 (5th Cir. 2000). When filing a suppression motion, the defendant must "first discharge his initial burden of producing some evidence on specific factual allegations sufficient to make a prima facie showing of illegality." United States v. De La Fuente, 548 F.2d 528, 534 (5th Cir. 1977). As Lyons did not satisfy this initial burden, the district court did not err in placing the burden of proof on him during the suppression hearing. Even if Lyons did satisfy this burden, however, and the burden of proof shifted to the Government to prove the legality of the searches, we conclude that this burden was satisfied by the Government at the suppression hearing. See United States v. Chavis, 48 F.3d 871, 872 (5th Cir. 1995).

We review the sufficiency of evidence to determine whether any

reasonable jury could have found that the evidence established guilt beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979); <u>United States v. Martinez</u>, 975 F.2d 159, 160-61 (5th Cir. 1992). After reviewing the trial transcripts, we are satisfied that Lyons' convictions were supported by sufficient evidence. <u>See</u> <u>United States v. Gonzales</u>, 79 F.3d 413, 423 (5th Cir. 1996); <u>United States v. Cardenas</u>, 9 F.3d 1139, 1157 (5th Cir. 1993); <u>United States v. DeLeon</u>, 170 F.3d 494, 496 (5th Cir. 1999); <u>United States v. Fields</u>, 72 F.3d 1200, 1212 (5th Cir. 1996). We also conclude that there was no clear error in the district court's decision to enhance Lyons' offense level for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). <u>See</u> U.S.S.G. § 2D1.1, comment. (n.3); <u>United States v. Vasquez</u>, 161 F.3d 909, 912 (5th Cir. 1998).

Finally, as the district court's use of a 55% conversion rate and a 90% purity rate in calculating the drugs attributable to Lyons under the Sentencing Guidelines was within the ranges stated by one or both of the experts who testified at the sentencing hearing, there was no clear error in this regard. <u>United States v. Torres</u>, 114 F.3d 520, 527 (5th Cir. 1997).

AFFIRMED.