United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 05-41551

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DIEGO DUQUE-HERNANDEZ,

Defendant-Appellant.

———————————————————

Appeal from the United States District Court for the
Southern District of Texas
(05-CR-886)

———————————————————

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Diego Duque-Hernandez challenges the district court's
application of a 12-level sentencing enhancement. We vacate the
sentence and remand for resentencing.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Duque-Hernandez pled guilty to a single count of illegal
reentry after deportation. Using the 2004 edition of the

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Sentencing Guidelines, the presentence report ("PSR") recommended a 12-level increase to his offense level because his prior deportation followed a felony drug conviction. See U.S.S.G. § 2L.1.2(a). The district court assessed a Guidelines sentence after assessing the recommended 12-level increase.

## II. DISCUSSION

Duque-Hernandez argues that the district court erred by applying the 12-level enhancement because his prior Utah conviction for offering to sell drugs is not a drug trafficking conviction under the Sentencing Guidelines. *See* USSG § 2L1.2(b)(1)(B). Because Duque-Hernandez did not properly preserve his argument below, we review for plain error.[1] See *United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005). Under plain error review, Duque-Hernandez must show (1) that an error occurred, (2) that the error was plain, which means "clear" or "obvious," and (3) that the error affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631–32 (2002). "If all three conditions are

---

[1]Based on defense counsel's statements to the district court as to the correctness of the PSR and lack of objections, the government argues for waiver/invited error, barring review. Waiver is the "intentional relinquishment or abandonment of a known right." United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006) (citations omitted) (emphasis added). Under invited error doctrine, a defendant cannot appeal alleged errors he "invited or induced." United States v. Green, 272 F.3d 748, 754 (5th Cir. 2001). We are not persuaded that defense counsel's statements operated so as to constitute a waiver, nor an invitation to the court to make the particular error; accordingly, we review for plain error.

met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 631 (internal quotations and citations omitted).

Under the categorical approach of *United States v. Taylor*, 495 U.S. 575, 602 (1990), a court "looks to the elements of the prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." *Garza-Lopez*, 410 F.3d at 273. The court may also consider documents such as the charging instrument and the jury instructions. *Id.* A court may not, however, rely solely on the description of the offense contained in the PSR. *Id.* at 274.

The district court had only the PSR and judgment of conviction before it. The PSR asserted that the Utah court convicted Duque-Hernandez of a "felony drug trafficking offense," but the judgment does not conclusively establish that the conviction involved distribution of a controlled substance. The judgment merely indicates that Duque-Hernandez was convicted of violating the applicable Utah statute, which included offenses outside the Guidelines definition of a "drug trafficking offense." *See* Utah Code Ann. § 58-37-8(1).[2] Duque-Hernandez claims that he was not,

---

[2]Specifically, the judgment indicates that Duque-Hernandez "[a]ttempted Distribute/Offer/Arrange to Dist," which lists in abbreviated form the possible violations within the Utah statute.

in fact, convicted of a qualifying offense, and supplemented the record to add a "Statement by Defendant in Advance of Guilty Plea" from the Utah criminal proceeding in which he admits that he was pleading guilty to "attempt[ing] to offer, consent, agree or arrange to distribute a controlled substance . . . ."  We also allowed the government to supplement the record with the charging instrument, which suggests that the defendant was offering to sell a controlled substance.

Offering to sell a controlled substance lies outside section 2L1.2's definition of "drug trafficking offense," because section 2L1.2 "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)." *Garza-Lopez*, 410 F.3d at 274. Merely offering to do one of the enumerated acts is not sufficient. Accordingly, the district court erred in finding that Duque-Hernandez's prior conviction was for a drug-trafficking offense as defined by section 2L1.2.  This error is clear and obvious under the plain language of the Guidelines, and so we must ask whether the error affected Gonzales's substantial rights. *See id.* at 275 (finding that court's reliance on PSR was plain error).

"[W]e must determine 'whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser

sentence.'" *Id.* at 275 (quoting *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)(per curiam)). Without the erroneous 12-level enhancement, Duque-Hernandez would not have faced more than an eight-level enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(C). That enhancement, coupled with the same acceptance of responsibility reduction and criminal history category, would have produced a Guideline range of 18 to 24 months imprisonment. Instead, the district court sentenced Duque-Hernandez to 30 months imprisonment and three years of supervised release. Given the imposition of a sentence greater than that otherwise recommended, the error affected Duque-Hernandez's substantial rights and, consequently, seriously affects the integrity of the judicial proceedings. *See Garza-Lopez*, 410 F.3d at 275 (holding that erroneous enhancement for prior drug-trafficking offense resulting in substantially different sentence affected fairness of judicial proceedings).

Duque-Hernandez also challenges the constitutionality of section 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As Duque-Hernandez concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and was only raised here in order to preserve it for further review.

III. CONCLUSION

5

For the foregoing reasons, we VACATE Duque-Hernandez's sentence, and REMAND for resentencing.