United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 06-20402
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BRALYONNE DONTRAILL ROGERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(4:05-CR-309-3)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bralyonne Dontraill Rogers appeals his conviction -- following a bench trial on stipulated facts -- for bank robbery and use of a firearm during the commission of a bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), 2, and 924(c). The district court sentenced Rogers to a total prison term of 135 months and a total supervised-release term of 5 years.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rogers argues that the district court erred in denying his motion to suppress the results of a search and seizure that followed an investigatory stop of the red sports utility vehicle ("SUV") in which he was a passenger. Specifically, Rogers maintains that the investigatory stop was conducted attendant to a police roadblock that was unconstitutionally broad in scope, not based on particularized suspicion, and implemented in an unreasonably intrusive manner. Further, Rogers contends that the police officers did not have reasonable suspicion based on articulable facts to focus on the passengers of the red SUV and ultimately detain them, and he believes that the officers effectively relied on an impermissible, race-based hunch by seizing the first vehicle containing three black males.

We review a motion to suppress based on live testimony at a suppression hearing by "accept[ing] the trial court's factual findings unless clearly erroneous or influenced by a incorrect view of the law." *United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003) (internal quotation marks omitted). We view the evidence in the light most favorable to the party that prevailed below. *United States v. Laury*, 985 F.2d 1293, 1314 (5th Cir. 1993). "Questions of law are reviewed de novo, as are the district court's ultimate conclusions of Fourth Amendment reasonableness." *United States v. Vasquez*, 298 F.3d 354, 356 (5th Cir. 2002) (citation omitted).

We conclude that the district court did not err when it

concluded that the roadblock established by the police had a proper purpose and was implemented reasonably. The absence of an individualized suspicion in the police roadblock context is not dispositive of constitutionality. *See generally Mich. Dep't of State Police v. Sitz*, 496 U.S. 444 (1990); *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976). Roadblocks designed to address specialized law enforcement purposes may be permissible without the presence of individualized suspicion, provided the court finds a favorable balance between "the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." *Brown v. Texas*, 443 U.S. 47, 50-51 (1979); *see also Illinois v. Lidster*, 540 U.S. 419, 424 (2004) (quoting *Brown*).

The roadblock established by the Houston Police Department ("HPD") was a targeted law enforcement effort designed to address a specific and dangerous crime -- an armed bank robbery -- about which the HPD had particularized knowledge. Because the money stolen during the bank robbery contained electronic tracking devices ("ETDs"), the HPD were able to focus their attention on a particular geographic area in which there was a high likelihood of catching armed criminals fleeing from the commission of a specific crime. Thus, the police roadblock was properly tailored to detect evidence of a particular criminal wrongdoing rather than for

general crime control, *Lidster*, 540 U.S. at 424, and accordingly, it was not unconstitutional per se. *See City of Indianapolis v. Edmond*, 531 U.S. 32, 44 (2000) (noting that "an appropriately tailored roadblock set up to . . . catch a dangerous criminal who is likely to flee by way of a particular route" would "almost certainly" be permissible).

Furthermore, the roadblock established by the HPD was not unreasonable under the circumstances, and it satisfies the requirements of the *Brown* balancing test. The public concern of apprehending armed bank robbers was substantial. Moreover, the roadblock was a discretionary police tactic specifically tailored in both time and place to further the public interest in apprehension, as the roadblock was established within several miles of the crime scene based on strong scientific evidence extracted from the ETDs. Additionally, although the roadblock may have caused some interference with subjective liberties, the objective intrusion was minimal and brief. *See Martinez-Fuerte*, 428 U.S. at 558; *see also Sitz*, 496 U.S. at 451-53 (citing *Martinez-Fuerte*). Thus, the district court did not err in holding that the HPD roadblock was permissible.

We also conclude that the district court did not err in concluding that the police had sufficient articulable facts on which to base a reasonable suspicion to focus on the occupants of the red SUV. Whether an investigatory stop was objectively

4

reasonable is examined under the "totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). "Any analysis of reasonable suspicion is necessarily fact-specific, and factors which by themselves appear innocent, may in the aggregate rise to the level of reasonable suspicion." *United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002) (internal quotation marks omitted). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers . . . ." *United States v. Hollaway*, 962 F.2d 451, 459 (5th Cir. 1992) (footnote omitted). The Government bears the burden of showing the reasonableness of a warrantless search or seizure. *United States v. Chavis*, 48 F.3d 871, 872 (5th Cir. 1995).

We conclude that the police were justified in focusing on the red SUV because: (1) the vehicle was located in the dense traffic where the ETDs suggested the stolen money was to be found; (2) the race and gender of the occupants of the SUV matched the description of the suspects; and (3) the occupants of the SUV exhibited behavior that experienced officers interpreted as suspicious conduct. Although Rogers contends that the officers unconstitutionally used race as a basis for their inquiry, the race of the suspects was a relevant fact because of witnesses' identifying information. Ultimately, the presence of three black males exhibiting suspicious behavior in a location in which a

5

reliable technology suggested the stolen money should be found provided sufficient reasonable suspicion to the officers. The officers had more than a minimal level of objective justification for the stop and seizure. *See United States v. Jacquez*, 421 F.3d 338, 341 (5th Cir. 2005).

Accordingly, the district court did not err when it denied Rogers' motion to suppress the evidence. The judgment of the district court is AFFIRMED.