# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40758

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENNEBERGER,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-167-1

————

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Henneberger appeals his sentence for unlawfully reproducing and distributing copyrighted material. He claims ineffective assistance of counsel and plain error by the district court in permitting the government to withhold a one-point reduction in his total offense level. The government argues that this court has no jurisdiction over Henneberger's appeal because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40758

he failed to file a new notice of appeal after the district court granted a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). We disagree.   We AFFIRM the judgment of conviction and sentence. Arguments about ineffective assistance of counsel are premature, and they are dismissed without prejudice.

FACTS AND PROCEDURAL BACKGROUND

In late 2011, the Department of Homeland Security Investigations ("HSI") began investigating the sale of illegally reproduced music albums, movies, and television shows in Corpus Christi, Texas flea markets.   HSI agents witnessed William and Ruth Henneberger selling compact discs containing illegally reproduced material multiple times throughout 2012.  HSI obtained and executed a search warrant at the Hennebergers' home.   During the search, HSI agents recovered numerous discs containing illegally reproduced material.   In February 2013, the Hennebergers were indicted on one count of criminal infringement of a copyright in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2.  William Henneberger pled guilty to the charge in April 2013.

The government's presentence report ("PSR") assigned Henneberger a total offense level of 20 based on the total market value of the illegal material in his possession.  The sentencing range for this offense level is 33 to 41 months imprisonment.  At the sentencing hearing, the court granted Henneberger's request for a variance based on his "history and characteristics" under 18 U.S.C. § 3553(a).    The court sentenced Henneberger to 20 months imprisonment in July 2013.

Following entry of the judgment, Henneberger's counsel filed a timely notice of appeal and simultaneously moved to withdraw as counsel due to a conflict of interest.  The district court granted this motion and appointed new

counsel. The new attorney filed an emergency motion to correct Henneberger's sentence under authority that permits a district court to correct "a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). The district court granted Henneberger's motion, finding that his sentence contained a miscalculation. Henneberger's adjusted infringement value corresponded to a total offense level of 18, with a sentencing range of 27 to 33 months. The district court, restating the considerations from the prior sentence, sentenced Henneberger to 15 months imprisonment. An amended judgment was entered in August 2013. Henneberger did not file a new notice of appeal following the amended judgment.

On appeal, Henneberger claims ineffective assistance of trial counsel and plain error by the district court in permitting the government to withhold a one-point reduction in his total offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The government, in addition to disputing these claims, asserts that Henneberger's notice of appeal was deficient, and thus that this court cannot exercise jurisdiction over his appeal.

DISCUSSION

*I.     Jurisdiction*

This court must assure itself of its jurisdiction. *United States v. Winn*, 948 F.2d 145, 153 (5th Cir. 1991). A timely notice of appeal is not jurisdictional but is a prerequisite to this court's exercise of jurisdiction. *Id.* A defendant wishing to appeal must file his notice with the district clerk within 14 days after the entry of the judgment from which the appeal is taken. FED. R. APP. P. 3(a)(1), 4(b)(1)(A)(i). A notice of appeal must "designate the judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B).

Henneberger timely filed his appeal to the district court's July judgment. He did not, though, file a new notice of appeal after the court entered the

amended August judgment. The government argues that the notice of appeal fails to satisfy Rule 3(c)(1)(B) because the operative August judgment has never been identified as the subject of Henneberger's appeal.

In determining whether Henneberger's notice of appeal is effective to appeal the August judgment, we consider the following rule, which provides that the filing of a Rule 35(a) motion does not "affect the validity of a notice of appeal" from an earlier judgment:

> The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

FED. R. APP. P. 4(b)(5).

This rule is clear about some points. For example, the district court had jurisdiction to rule on the motion despite the prior notice of appeal. Further, a Rule 35(a) motion does not affect a notice of appeal that was filed before the order "disposing of the motion" is entered. Indeed, the time to file a notice of appeal from the judgment continues to run despite the filing of a Rule 35(a) motion. What is less clear is whether a prior-filed notice of appeal can suffice to appeal from a sentence corrected pursuant to Rule 35(a). If the sentence correction is unsatisfactory to the defendant, the time to appeal the correction "would begin to run when the court enters a new judgment reflecting the corrected sentence." FED. R. APP. P. 4(b)(5) advisory committee's note (2002 Amendment). Not directly indicated by the rule is whether, if the arguments about the sentence are unaffected by the correction, a new notice of appeal identifying the now-operative judgment containing the corrected sentence must be filed.

Some clarification comes from the advisory committee notes to Rule 4. They state that "a notice of appeal should not be affected by the filing of a Rule 35(c) [now Rule 35(a)] motion or by correction of a sentence under Rule 35(c)." FED. R. APP. P. 4 advisory committee's note (1993 Amendment). If a notice "should not be affected" by the correction of a sentence, then whatever the prior notice accomplished would still be accomplished. Henneberger's first notice validly appealed certain questions concerning his sentence to this court. The sentence correction did not affect the sentencing arguments being made on appeal, although the judgment expressing the sentence was now a later one.

Were we to agree with Henneberger, though, the sentence we would need to vacate is not the one identified in his notice of appeal. Such technical defects at worst fall into the category of "a mistake in designating a judgment appealed from[, which] should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991) (interpreting FED. R. APP. P 3(c)(1)(B)). Therefore, regardless of whether Henneberger's notice of appeal was defective by failing to designate the correct judgment, Henneberger's intent to appeal his sentence was clear, and the government has fully briefed the correct sentencing issue.

## II.      *Ineffective Assistance of Counsel*

This court typically declines to review ineffective assistance of counsel claims raised for the first time on direct appeal. *United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013). Except in "rare cases," competent review of such claims requires that the record be developed at the trial court. *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and

developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Henneberger claims that his trial counsel was ineffective because he failed to investigate adequately, present defense evidence, and object to an alleged failure by the government to follow the Sentencing Guidelines. He did not raise these issues at trial, nor did he raise them in a post-trial motion. As a result, the record is insufficiently developed to permit meaningful review by this court. We therefore reject Henneberger's ineffective assistance of counsel claim without prejudice to his right to pursue the claim on collateral review.

*III.    Failure to Move for a One-Point Reduction in Total Offense Level*

If a claim of error is raised for the first time on appeal, review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, an appellant must prove that an error: (1) occurred; (2) was plain; (3) affects substantial rights; and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Henneberger argues on appeal for the first time that the district court committed error by permitting the government to withhold its motion for a one-point reduction in his total offense level under Section 3E1.1(b) of the Sentencing Guidelines. Section 3E1.1(b) allows for a one-point reduction "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty . . . ." U.S.S.G. § 3E1.1(b). Amendment 775 to the Sentencing Guidelines, which took effect on November 1, 2013, states that "[t]he government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to

waive his or her right to appeal." § 3E1.1 supp. to app. C, Amendment 775, at 43-46 (2013).   Amendment 775 clarifies, but does not alter, the Sentencing Guidelines, and it thus applies even if the defendant was sentenced before the amendment took effect. *United States v. Palacios*, 756 F.3d 325, 326 (5th Cir. 2014).

The original PSR recommended that Henneberger be granted a one-point reduction in his total offense level under Section 3E1.1(b).  The amended final PSR, however, indicated that the government would not move for the one-point reduction.  The record is silent as to the reason for this change.  Based on this evidence alone, we cannot conclude that the government withheld its motion for reasons not identified in Section 3E1.1.  To be "plain," an error "must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.  Because we have no evidence concerning the government's motives for withholding the motion, an erroneous failure to conclude that the government acted improperly would be anything but clear and indisputable.  Accordingly, the district court did not abuse its discretion by permitting the government to withhold the one-point reduction under Section 3E1.1(b).  Because of this determination, we need not consider the other factors for plain error review.

AFFIRMED.