# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10364

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUAN MORALES-RODRIGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:

Juan Morales-Rodriguez pleaded guilty of illegally reentering the United States after removal. He appeals his sentence, claiming that the government impermissibly withheld an additional offense-level reduction for acceptance of responsibility. We affirm.

I.

Morales-Rodriguez was sentenced under the 2012 guidelines, which provide for a two-level reduction for acceptance of responsibility and an additional one-level reduction if, *inter alia,* the government files a motion "stating that

No. 13-10364

the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (2012). The presentence investigation report ("PSR") stated that although Morales-Rodriguez qualified for the two-level reduction, the government would not request the additional one-level reduction. Accordingly, the PSR subtracted two levels for acceptance of responsibility.

At the time of sentencing, our caselaw established that the government could withhold the additional reduction based on a defendant's decision not to waive his right to appeal.[1] The plea agreement contained a waiver-of-appeal provision that was crossed out and initialed by Morales-Rodriguez and his lawyer. Nothing else in the record indicates whether the government withheld the additional reduction because Morales-Rodriguez preserved his right to appeal or for some other reason.

Morales-Rodriguez did not object to the PSR and filed a statement adopting it. The guideline range was 51–63 months as calculated in the PSR and would have been 46–57 months with the additional reduction. The court followed the PSR and sentenced Morales-Rodriguez to 63 months.

While this appeal was pending, the Sentencing Commission amended the guidelines commentary to explain that "[t]he government should not withhold [a motion for the additional reduction] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to

---

[1] *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008), *abrogated by United States v. Villegas Palacios*, 756 F.3d 325 (5th Cir. 2014) (en banc) (per curiam).

No. 13-10364

appeal."[2]  We held that our previous rule had been abrogated in light of that amendment and that the new rule applies to cases on appeal at the time of the amendment. *Villegas Palacios*, 756 F.3d at 325 & n.1.  Morales-Rodriguez asks us to vacate and remand for resentencing because, in his view, the government withheld the additional reduction based on his decision not to waive appeal.

## II.

We review for plain error because Morales-Rodriguez did not raise this issue in the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).[3]  "First, there must be an error or defect—some sort of '[d]eviation from a legal rule'—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant.  Second, the legal error must be clear or obvious, rather than subject to reasonable dispute."[4]  "[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997).  "Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district

---

[2] Sentencing Guidelines for United States Courts, 78 Fed. Reg. 26,425, 26,431 (May 9, 2013).

[3] The government urges that Morales-Rodriguez's sentence resulted from invited error because he did not object, did not ask the government to put into the record its reason for withholding the additional reduction, and filed a statement adopting the PSR.  But we have rejected the theory that invited-error review applies merely because a defendant fails to object and states that his PSR is correct. *United States v. Duque-Hernandez*, 227 F. App'x 326, 327 n.1 (5th Cir. 2007) (per curiam).  Morales-Rodriguez says plain-error review does not apply, because the Sentencing Commission had not yet amended the guideline commentary at the time of his sentencing, so he lacked the opportunity to raise the issue.  That notion is foreclosed by *United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 676 (2014).

[4] *Puckett*, 556 U.S. at 135 (alteration in original) (citation omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732–33 (1993)).

court proceedings.'" *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 734). "Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[5]  "Meeting all four prongs is difficult, 'as it should be.'"[6]

Morales-Rodriguez postulates that that the government withheld the additional reduction because he preserved his right to appeal.  He emphasizes that the waiver provision was crossed out, nothing suggests the government expended any resources preparing for trial, and it was common practice for the U.S. Attorney's Office for the Northern District of Texas to withhold the additional reduction for that reason.  We need not decide that question, because even if there was an error, it was not clear or obvious.  We resolved that in *United States v. Henneberger*, 592 F. App'x 233 (5th Cir. 2014) (per curiam). There the defendant alleged that the government had improperly withheld the additional reduction for reasons not identified in the guidelines, although he apparently did not speculate as to what the government's reasons were; the record was "silent" on that matter.  *See id.* at 236–37.  We held that any error was not clear or obvious, explaining that, "[b]ecause we have no evidence concerning the government's motives for withholding the motion, an erroneous failure to conclude that the government acted improperly would be anything but clear and indisputable." *Id.*

The same is true here.  Unlike the defendant in *Henneberger*, Morales-Rodriguez had a written plea agreement with the waiver provision crossed out,

---

[5] *Id.* (alteration in original) (quoting *Olano*, 507 U.S. at 736) (internal quotation marks omitted).

[6] *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

No. 13-10364

but that it is a distinction without a difference. The *Henneberger* defendant also preserved his right to appeal, and the fact that Morales-Rodriguez did so in writing has little bearing on whether the government withheld the additional reduction in response. It certainly does not make any error clear or obvious,[7] so Morales-Rodriguez has not shown plain error.

AFFIRMED.

---

[7] *Cf. United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam) ("Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." (alteration omitted) (quoting *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam)) (internal quotation marks omitted)).