# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10709

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERT GUZMAN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 11-CR-13-1

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

   After a stipulated bench trial, the district court found Albert Guzman guilty of being a felon in possession of a firearm. The district court adopted the Presentence Investigation Report, which gave Guzman a two-level reduction for his acceptance of responsibility, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a), and sentenced him to 200 months in prison. At sentencing, the government did not move for an

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10709

additional one-level reduction. *See* U.S.S.G. § 3E1.1(b) (providing that, upon motion of the government, the court can decrease the offense level by an additional point, if the defendant assisted authorities by timely notifying them of his intention to plead guilty). There is no evidence in the record indicating why the government withheld the § 3E1.1(b) motion at the original sentencing.

Guzman subsequently appealed the district court's ruling on his motion to suppress, and this court vacated his conviction and sentence and remanded to the district court for additional factual findings related to the motion to suppress. *See United States v. Guzman* ("*Guzman I*"), 739 F.3d 241, 249 (5th Cir. 2014). The panel instructed: "If after [making additional findings], the court again denies Guzman's motion to suppress, it shall reinstate the conviction and sentence, and Guzman could then appeal." *Id.* at 248-49 (citing *United States v. Chavis*, 48 F.3d 871, 873 (5th Cir. 1995)). On remand, the district court dutifully followed the *Guzman I* mandate. The district court held a hearing, received briefing, made findings, and again denied Guzman's motion to suppress. Over Guzman's objection, the district court then reinstated Guzman's conviction and sentence. Guzman's only issue on appeal is that the district court erred when it adhered to the mandate rule and, following this court's explicit mandate, reinstated his conviction and sentence without holding a new trial or sentencing hearing. We disagree.

The "mandate rule" provides that "a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks omitted). While there are several exceptions to the mandate rule, none was present here. *See id.* ("The doctrine has three exceptions: (1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly

2

erroneous and would work a manifest injustice."). The *Guzman I* mandate was not clearly erroneous and did not result in manifest injustice but, instead, simply reopened the case for a limited purpose consistent with longstanding practice. *See, e.g.*, *Coleman v. Alabama*, 399 U.S. 1, 11 (1970); *United States v. Wade*, 388 U.S. 218, 242 (1967); *United States v. Chavis*, 48 F.3d 871, 873 (5th Cir. 1995); *United States v. Robinson*, 625 F.2d 1211, 1221 (5th Cir. 1980); *United States v. Bowie*, 892 F.2d 1494, 1502 (10th Cir. 1990); *United States v. Mitchell*, 602 F.2d 636, 637 (4th Cir. 1979). Further, even if Guzman is correct in asserting that *United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014), constituted an intervening change of law, that change had no effect on the present case. On this factual record, where there is no record evidence showing that the government originally withheld the § 3E1.1(b) motion for an impermissible reason, and, more significantly, there is determinative support in the record justifying the continued withholding of the additional reduction,[1] consideration of *Palacios* would have made no difference. Accordingly, even if the district court erred by adhering to our mandate and declining to consider

---

[1] Guzman contends that the government withheld the § 3E1.1(b) motion because Guzman would not waive his right to appeal, a reason that has since been disallowed. *See* U.S.S.G. § 3E1.1 cmt. n.6 (2013) ("The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."); *Palacios*, 756 F.3d at 326. There is no evidence in the record establishing the motivational reason for the government's decision. *See United States v. Henneberger*, 592 F. App'x 233, 237 (5th Cir. 2014) (reviewing for plain error and explaining that "we cannot conclude that the government withheld its motion for reasons not identified in Section 3E1.1" where "[t]he record [was] silent as to the reason" for the government's decision). Significantly, Guzman was indicted on January 26, 2011, but he did not announce his intention to enter a guilty plea until around September 4, 2012. This announcement came almost one year after the parties litigated, and the district court first denied, the motion to suppress and several months after the government filed numerous documents in preparation for a full jury trial. *See* § 3E1.1 cmt. n.6 ("In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.")

No. 14-10709

*Palacios*, any error was harmless. *See* Fed. R. Crim. P. 52; *see also United States v. Paz*, No. 14-10243, 2015 WL 993391, at *3 (5th Cir. Mar. 6, 2015) (unpublished) (emphasizing that "because the government has a valid basis to refuse to move for the additional point and we have no basis to force the government to so move, vacating the sentence and remanding would be futile").

The district court's judgment is AFFIRMED.