# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10791

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTIANE KATHLEEN IRWIN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-104-1

———————————————————————

Before SOUTHWICK, HIGGINSON, and WILSON, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:[*]

Christiane Kathleen Irwin pleaded guilty to three counts of wire fraud in violation of 18 U.S.C. § 1343. The Presentence Report (PSR) stated that her offense caused a nearly 1.5–million–dollar loss to her law firm, the victim company, which then led to its firing employees it would have otherwise been able to retain. Irwin did not object to the PSR, and the district court included the two-point enhancement pursuant to United States Sentencing

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10791

Guidelines, § 2B1.1(b)(2)(A)(iii). Irwin filed a motion for a downward variance, acknowledging that the applicable guideline range was "technically accurate," yet arguing that any sentence within the range would be "greater than necessary" under 18 U.S.C. § 3553(a). The district court imposed a within–guidelines–range sentence of fifty months' incarceration. Irwin timely appealed and asks this court to resolve two questions. First, she asks us to assess whether the district court committed plain error by failing to consider if § 4C1.1's "zero–point offender" sentencing adjustment applied to her independent of § 2B1.1's enhancement, and second whether her sentence is substantively unreasonable.

For context, § 4C1.1 of the sentencing guidelines allows district courts to decrease the offense level determined under Chapter Two by two levels if a defendant meets all eleven enumerated criteria. *Id.* § 4C1.1(a).[1] Conversely, § 2B1.1 permits district courts to increase a defendant's offense conduct by two or more levels if certain enumerated criteria are satisfied. *Id.* § 2B1.1(b)(2).[2]

We review Irwin's § 4C1.1 argument for plain error because she did not raise it before the district court.[3] *United States v. Morales-Rodriguez*, 788

---

[1] "If the defendant meets all of the following criteria," including relevantly here, "the defendant did not personally cause substantial financial hardship," then "decrease the offense level determined under Chapter Two and Three by 2 levels." U.S.S.G. § 4C1.1(a).

[2] Instructing district courts to apply a two–level enhancement "if the offense . . . resulted in substantial financial hardship to one or more victims." U.S.S.G. § 2B1.1(b)(2)(A)(iii).

[3] The Government contends that Irwin's sentence resulted from invited error because she failed to object to the PSR and specifically noted that "due to the enhancements applied, [she] does not qualify for the zero–point offender reduction." Our Court stated in *United States v. Morales-Rodriguez*, 788 F.3d 441, 443 n.3 (5th Cir. 2015) (per curiam), that a mere failure to object to a PSR is insufficient to warrant invited error. We have held, however, that a defendant invited error regarding a Rule 404(b) jury

F.3d 441, 443 (5th Cir. 2015) (per curiam). Plain error review requires a defendant to show (1) an error (2) that is clear or obvious and (3) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has "discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) (quoting *United States v. Diaz*, 637 F.3d 592, 601 (5th Cir. 2011)).

We begin with the relevant text of § 4C1.1 here, which states that the adjustment does not apply to a zero–point offender defendant if she "personally cause[d] substantial financial hardship." U.S.S.G. § 4C1.1(a)(6). Additionally, § 2B1.1(b)(2)(A)(iii) directs district courts to enhance a defendant's offense conduct by two levels if the offense "resulted in substantial financial hardship to one or more victims."

Despite the similar language in Chapters Two and Four of the guidelines, Irwin asserts the district court failed to conduct an independent analysis of the two subsections and raises a novel argument regarding causation.[4] More specifically, Irwin attempts to distinguish between the "resulted in" and "personally cause" language of the subsections at issue

---

instruction when he had requested the introduction of his prior acts evidence, which necessitated issuance of the instruction. *See United States v. Roussel*, 705 F.3d 184, 193 (5th Cir. 2013). The instant case is somewhere on the spectrum of our invited error cases since Irwin did more than simply fail to object to the PSR but less than invite a court to take an action it otherwise would not have taken. Additionally, we note that the Government agreed with Irwin's analysis that she was ineligible for the § 4C1.1 zero-point offender reduction. Because the invited error question is a close call and the plain error analysis leads us to the same conclusion based on the sentencing record, we proceed with a plain error standard of review here.

[4] Irwin correctly points to "Note 1" of the commentary about § 4C1.1, which states that "the application of subsection (a)(6) is to be determined independently of the application of subsection (b)(2) of § 2B1.1." U.S.S.G § 4C1.1 comment. (n.1) (2023).

here, arguing that the former only requires "but–for" causation while the latter encompasses both "but–for" and "proximate" causation. This attempt slices the guidelines too finely. The more logical application the word "personally" ensures that in multi-defendant conspiracies, only the defendants that caused substantial financial hardship receive the enhancement, not mere co-conspirators who lacked direct involvement. Here, Irwin is the lone defendant.

Whether error or not, Irwin fails to show the district court committed clear or obvious error by not considering and adopting her causation argument. *See United* States *v. Santiago*, 96 F.4th 834, 847 n.22 (5th Cir. 2024) (citing cases explaining that an error is not plain under current law if it requires an extension of precedent). Last, Irwin is unable to demonstrate that the alleged error affected her substantial rights given the unrebutted evidence that she personally caused substantial financial hardship to the firm. *See Morales–Rodriguez*, 788 F.3d at 443.

With respect to Irwin's substantive reasonableness challenge, we've said elsewhere that sentences within the recommended guidelines range are entitled to a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Irwin first contends that her sentence is unreasonable because it is beyond what her guidelines range would have been had she received the § 4C1.1 adjustment. As discussed above, however, she has not demonstrated plain error in the determination of her guidelines range. Irwin's argument that the court improperly considered facts already accounted for by the guidelines range, is also without merit. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) (discussing the wide discretion enjoyed by district courts when making individualized assessments of an appropriate sentence). Finally, Irwin avers that the district court relied on an "exaggerated" view of the facts and the harm she caused in calculating her sentence. Given the evidence regarding

No. 24-10791

the scope of her fraud and the undisputed resulting harm, Irwin has not shown that the district court's assessment rendered her sentence unreasonable. *See Cooks*, 589 F.3d at 186. In sum, she cannot overcome the presumption that her sentence is reasonable on the record before us.

AFFIRMED.