# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40153

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

MARTIN VILLEGAS PALACIOS, also known as Martin Villegas,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

Defendant–Appellant Martin Villegas Palacios ("Villegas Palacios") challenges the sentence he received after he pled guilty to reentry of a deported alien in violation of 8 U.S.C. § 1326. At sentencing, the government withheld an additional one-level reduction under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1(b) for pretrial acceptance of responsibility solely because Villegas Palacios refused to waive his right to appeal. Villegas Palacios objected to his sentence, preserving error for appeal; however, the district court rejected his argument and sentenced him without the one-level reduction. He timely appealed.

Amendment 775 to the U.S.S.G. became effective November 1, 2013, after Villegas Palacios was sentenced but while this appeal was pending.

No. 13-40153

Amendment 775 provides: "The government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. supp. to app. C, amend. 775, at p. 43 (2013); *accord* U.S.S.G. § 3E1.1 cmt. n.6. After Amendment 775 became effective, the United States in this case conceded error.

The amended Guidelines apply to this case. *See United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993) ("Amendments to the guidelines and their commentary intended only to clarify, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." (emphasis omitted)). Therefore, we VACATE the sentence and REMAND for resentencing.[1]

---

[1] In rejecting Villegas Palacios's objection at sentencing, the district court relied on our decision in *United States v. Newson*, 515 F.3d 374 (2008). The other judges on the Court have reviewed this opinion, and all active judges have assented. The Court en banc therefore concludes *Newson*—to the extent it may constrain us from applying Amendment 775 to cases pending on direct appeal under our rule of orderliness—is abrogated in light of Amendment 775. *See* Fed. R. App. P. 35(a)(1).