# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PEREZ TREJO, also known as Juan Gabriel Perez Trejo, also known as Juan Gabriel Perez, also known as Juan Perez

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-106-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Perez Trejo was convicted of one charge of illegal reentry into the United States and was sentenced to serve 77 months in prison. In this appeal, he first contends that the district court erred by applying the 16-level crime of violence adjustment provided by U.S.S.G. § 2L1.2 because the Texas burglary statute under which his prior conviction arose is indivisible and thus not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amenable to the modified categorical analysis.  This issue was recently decided adversely to Perez Trejo and is thus unavailing.  *See United States v. Conde-Castaneda*, 753 F.3d 172, 176-78 (5th Cir. 2014).

We reach a different result as to Perez Trejo's second appellate claim, that the district court reversibly erred by denying him the third point for acceptance of responsibility under U.S.S.G. § 3E1.1.  Sentences are reviewed for reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  This court first examines whether the district court committed any procedural errors, such as incorrectly calculating the advisory guidelines range.  552 U.S. at 51.  Next, we determine whether the sentence was substantively reasonable.  552 U.S. at 51.

Amendment 775 to the United States Sentencing Guidelines, which became effective November 1, 2013, provides that the Government should not withhold the additional one-level reduction under § 3E1.1(b) based on interests not identified in the guideline, such as whether the defendant agrees to waive the right to appeal.  U.S.S.G. Manual, Supp. to App. C, Amendment 775, at 43-46 (2013).  In *United States v. Villegas Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014), decided after the district court's decision in this case, we concluded that Amendment 775 abrogated *United States v. Newsom*, 515 F.3d 374 (2008), on which the district court relied, to the extent it would constrain us from applying Amendment 775 to a case on direct appeal. 2014 WL 2119096, at *2 n.1.

In light of the amendment to § 3E1.1, the holding in *Villegas Palacios*, and the Government's concession of error in the instant case, we conclude that procedural error occurred when Perez Trejo was not given credit for the full three-point reduction for acceptance of responsibility.  *See Villegas Palacios*, 2014 WL 2119096 at *1.  Additionally, a review of the record shows that the

error is not harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *cf. United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (concluding that guidelines calculation error did not require reversal when district court said, "'I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event.'"). Accordingly, Perez Trejo's sentence is VACATED, and this case is REMANDED to the district court for resentencing consistent with this opinion.