# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS GRIEGO, JR., also known as Big Lou,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:13-CR-3

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Louis Griego, Jr. appeals the 168-month sentence he received for conspiring to distribute methamphetamine. He contends that the district court improperly calculated his guidelines range when it concluded that he was not entitled to an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11410

The Government acknowledges that it erred in withholding the reduction on the ground that Griego did not waive his right to appeal. *See United States v. Villegas Palacios*, --- F.3d ----, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014). But we need not vacate the sentence, or resolve whether the Government's other alleged bases for withholding the reduction were proper, because any error was harmless. *See United States v. Richardson*, 676 F.3d 491, 511–12 (5th Cir. 2012); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008).

After considering the relevant 18 U.S.C. § 3553(a) sentencing factors, the district court unequivocally stated that it would impose the 168-month sentence regardless whether the additional one-point reduction should apply. Indeed, the sentence imposed was within the guidelines range that would have applied if the one-level reduction had been granted. Accordingly, any error in calculating Griego's guidelines range was harmless. *See Richardson*, 676 F.3d at 511.

AFFIRMED.