# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2014

No. 13-11088
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL GUEL-ESCOBEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-4-1

Before STEWART, Chief Judge, and CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

Gabriel Guel-Escobedo appeals from the sentence imposed following his guilty plea conviction for illegal reentry after removal from the United States, being a felon in possession of a firearm, and being an illegal alien in possession of a firearm. The district court imposed a total, within-guidelines sentence of 57 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11088

On appeal, Guel-Escobedo argues that the district court reversibly erred by failing to award him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  Contrary to the Government's assertions, Guel-Escobedo's explicit request at sentencing for the additional one-level reduction under § 3E1.1(b) based upon the upcoming amendment to § 3E1.1 was sufficient to preserve this challenge for appeal.  *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007).  As we held recently in *United States v. Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014), the amended version of § 3E1.1 is applicable in a case such as this one where the amendment was proposed at the time of sentencing and went into effect while the appeal was pending. Pursuant to the amended § 3E1.1, the Government may not withhold a § 3E1.1(b) motion because the defendant refuses to waive his right to appeal, as it did in this case.  The Government has not shown that this error was harmless as to the imposed sentence.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Accordingly, Guel-Escobedo's sentence is VACATED and the case is REMANDED to the district court for resentencing consistent with this opinion.