# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40768
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-152-2

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rodriguez appeals from the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to manufacture and distribute methamphetamine. The district court imposed a within-guidelines sentence, sentencing Rodriguez to 136 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40768

At sentencing, the Government withheld an additional one-level reduction under U.S.S.G. § 3E1.1(b) for pretrial acceptance of responsibility solely because Rodriguez refused to waive his right to appeal. Rodriguez objected, thus preserving the error for appeal; the district court denied the objection and sentenced him without the one-level reduction. Now on appeal, Rodriguez renews his claim that he should have been awarded the additional one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b).

As we held recently in *United States v. Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014), the amended version of § 3E1.1 is applicable in a case such as this. Pursuant to the amended § 3E1.1, the Government may not withhold a § 3E1.1(b) motion because the defendant refuses to waive his right to appeal, as it did in this case. Thus, there was a procedural error during Rodriguez's sentencing. The Government has not shown that this procedural error was harmless as to the imposed sentence. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). Accordingly, Rodriguez's sentence is VACATED, and the case is REMANDED to the district court for resentencing consistent with this opinion.