# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAYMUNDO LONGORIA-CHAPA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-738

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raymundo Longoria-Chapa appeals from the sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. The district court imposed a within-Guidelines sentence of, *inter alia*, 57 months' imprisonment.

Longoria contends the district court reversibly erred by failing to award him an additional one-level reduction for acceptance of responsibility,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

pursuant to Sentencing Guideline § 3E1.1(b).  As this court held recently in *United States v. Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at \*1 (5th Cir. 21 May 2014), the amended version of § 3E1.1 is applicable in a case such as this one, where the amendment was proposed at the time of sentencing and went into effect while the appeal was pending.  Pursuant to the amended § 3E1.1, the Government may not withhold, as it did in this case, a § 3E1.1(b) motion because the defendant refuses to waive his right to appeal.  *See* U.S.S.G. § 3E1.1, cmt. n.6 ("The [G]overnment should not withhold [a motion for additional level decrease] based on . . . whether the defendant agrees to waive his or her right to appeal".).

In addition, the Government has not shown this procedural error was harmless as to the imposed sentence.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009) (requiring evidence "that the district court had a particular sentence in mind and would have imposed it" in spite of the error in calculating the Guidelines sentencing range).

VACATED and REMANDED to district court for re-sentencing consistent with this opinion.