## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10663
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR LOPEZ, also known as Victor Bernavae Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:13-CR-11

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Lopez appeals the 210-month sentence and 20-year term of supervised release the district court imposed after his guilty plea conviction for receipt of a visual depiction of a minor engaging in sexually explicit conduct and aiding and abetting. Lopez argues that his sentence is substantively unreasonable. He further argues that (1) the district court erred by applying a "vulnerable victim" enhancement pursuant to U.S.S.G. § 3A1.1(b)(1), (2) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government improperly declined to move for the third acceptance of responsibility level based on his refusal to waive his appellate rights, (3) the district court erred in requiring submission to plethysmograph testing as a special condition of supervision, and (4) the district court erred in requiring abstinence from alcohol and other intoxicants as a special condition of supervision.  Because we VACATE Lopez's sentence in part, based on the Government's failure to move for the third acceptance of responsibility level, we do not reach the issue of the substantive reasonableness of his sentence.

Lopez's argument regarding the "vulnerable victim" enhancement is foreclosed by circuit precedent. *United States v. Jenkins*, 712 F.3d 209, 212-14 (5th Cir. 2013).  We lack jurisdiction over Lopez's challenge to the condition of supervised release requiring submission to plethysmograph testing because the issue is not ripe for review. *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013).   Furthermore, Lopez has not shown that the district court committed a clear or obvious error by prohibiting the consumption of alcohol or other intoxicants during his term of supervised release and has, therefore, not demonstrated plain error. *See United States v. Carrillo*, 660 F.3d 914, 930 (5th Cir. 2011).

As we held recently in *United States v. Villegas Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014), the amended version of U.S.S.G. § 3E1.1 is applicable in a case such as this one where the amendment was proposed at the time of sentencing and went into effect while the appeal was pending.  Pursuant to § 3E1.1, as amended, the Government may not withhold a § 3E1.1(b) motion because the defendant refuses to waive his right to appeal, as it did in this case.  Therefore, as the Government concedes, procedural error occurred when Lopez was not given credit for the full three-point reduction for acceptance of responsibility. *See Villegas*

*Palacios*, 2014 WL 2119096, at *1.  The Government has not shown that this error was harmless as to the imposed sentence.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).  Accordingly, Lopez's sentence is AFFIRMED in part and VACATED in part, and the case is REMANDED to the district court for resentencing consistent with this opinion.