# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ORTIZ HINOJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1133-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Miguel Ortiz Hinojo appeals the 30-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after deportation.  On appeal, Ortiz Hinojo argues that the district court erred by failing to award him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), because the additional reduction cannot be withheld based on a defendant's refusal to waive his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate rights.  The Government concedes error in the district court's failure to award the additional one-level reduction but argues that the error was harmless.

Amendment 775 to the United States Sentencing Guidelines, which became effective November 1, 2013, provides that the Government should not withhold the additional one-level reduction under § 3E1.1(b) based on interests not identified in the guideline, such as whether the defendant agrees to waive the right to appeal.  U.S.S.G. Manual, Supp. to App. C, Amendment 775, at 43-46 (2013).  In *United States v. Villegas Palacios*, __ F.3d __, No. 13-40153, 2014 WL 2119096, at *1 (5th Cir. May 21, 2014), we applied Amendment 775 to a case on direct appeal in which the error was preserved and the Government conceded error.

In light of the amendment to § 3E1.1, the holding in *Villegas Palacios*, and the Government's concession of error in the instant case, the district court's refusal to award Ortiz Hinojo the additional one-level for acceptance of responsibility was procedural error.  *See Villegas Palacios*, 2014 WL 2119096, 1.  The Government has not shown that this error was harmless.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Accordingly, Ortiz Hinojo's sentence is VACATED and the case is REMANDED to the district court for resentencing consistent with this opinion.