# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUNIOR LOZZ, True Name Junior Israel Hernandez Torres,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-878

Before DAVIS, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Junior Lozz appeals the sentence imposed after his guilty-plea conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40280

of being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1).  For the first time on appeal, he claims that the district court reversibly erred by applying the sixteen-level crime of violence ("COV") enhancement because, he contends, his Louisiana aggravated-battery offense is not the equivalent of one of the offenses enumerated in the commentary to U.S.S.G. § 2L1.2 and does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another.  Because he did not raise the issue at sentencing, Lozz must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and the clear or obvious error must have affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Escalante-Reyes*, 689 F.3d 415, 419–23 (5th Cir. 2012) (en banc).  We apply the law at the time of appeal to determine whether the error was clear or obvious.  *Escalante-Reyes*, 689 F.3d at 423.

During the pendency of this appeal, we rejected identical arguments and held that Louisiana aggravated battery committed by any instrumentality other than poison qualifies as a COV under § 2L1.2's use-of-force prong.  *See United States v. Herrera-Alvarez*, 753 F.3d 132 (5th Cir. 2014).  The criminal information excluded the possibility that Lozz committed the aggravated battery with poison or other noxious substance.  In light of *Herrera-Alvarez*, Lozz has not shown that the district court erred in applying the enhancement based on his Louisiana aggravated-battery conviction.  *See Escalante-Reyes*, 689 F.3d at 423.  Accordingly, that portion of the sentence is affirmed.

Lozz maintains that the district court erred in failing to award him an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) because the additional reduction cannot be withheld based on a defendant's refusal to waive his appellate rights.  When Lozz filed his brief,

that argument was foreclosed by *United States v. Newson*, 515 F.3d 374 (5th Cir. 2008), which was recently abrogated by *United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014) (per curiam), in which we held that Amendment 775 to § 3E1.1, which became effective November 1, 2013, and provides that the government should not withhold the additional one-level reduction under § 3E1.1(b) based on interests not identified in the guidelines (such as whether the defendant agrees to waive appeal), was applicable to cases pending on direct appeal.

Like the defendant in *Palacios*, Lozz preserved his claim of error for appeal, and Amendment 775 took effect after he was sentenced but during the pendency of his appeal. The record reflects that Lozz did not receive the additional one-level reduction because he refused to waive his right to appeal. In light of the amendment to § 3E1.1, *Palacios*, and the facts of this case, the district court procedurally erred by refusing to award Lozz an additional one-level reduction. Additionally, a review of the record shows that the error was not harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-14, 718 (5th Cir. 2010). Accordingly, the sentence is VACATED and REMANDED for resentencing.