# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40881
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL NUNEZ-LOREDO, also known as Miguel Nunez-Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1006-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Nunez-Loredo pleaded guilty to illegal reentry and was sentenced to serve 77 months in prison as well as a three-year term of supervised release. In this appeal, he first contends that the district court erred at sentencing by not affording him credit for the third point for acceptance of responsibility. The Government concedes error. Our review of the record and pertinent law confirms that there was error at sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40881

Sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court first examines whether the district court committed any procedural errors, such as incorrectly calculating the advisory guidelines range. *Id.* at 51. Next, the court determines whether the sentence was substantively reasonable. *Id.*

Amendment 775 to the United States Sentencing Guidelines, which became effective November 1, 2013, provides that the Government should not withhold the additional one-level reduction under § 3E1.1(b) based on interests not identified in the guideline, such as whether the defendant agrees to waive the right to appeal. U.S.S.G. Manual, Supp. to App. C, Amendment 775, at 43-46 (2013). In *United States v. Villegas Palacios*, 756 F.3d 325, 326 (5th Cir. 2014), we applied Amendment 775 to a case on direct appeal in which the error was preserved and the Government conceded error.

In light of the amendment to § 3E1.1, the holding in *Villegas Palacios*, and the Government's concession of error in the instant case, we conclude that procedural error occurred when Nunez-Loredo was not given credit for the full three-point reduction for acceptance of responsibility. *See Villegas Palacios*, 756 F.3d at 326. Additionally, a review of the record shows that the error is not harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *cf. United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (concluding that guidelines calculation error did not require reversal when district court said, "'I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event.'"). Accordingly, Nunez-Loredo's prison term is VACATED, and this case is REMANDED to the district court for resentencing consistent with this opinion.

No. 13-40881

Nunez-Loredo, a deportable alien, also contends that the district court reversibly erred by sentencing him to a term of supervised release without giving adequate reasons for this decision. This error is reviewed for plain error only due to his failure to raise it in the district court. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Our review of the record shows that the district court gave adequate reasons for its choice of sentence and shows no error in connection with its decision to impose a term of supervised release. Accordingly, Nunez-Loredo's term of supervised release is AFFIRMED.