# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40910
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO HERNANDEZ-ACOSTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1128

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ramiro Hernandez-Acosta appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court erred in failing to award him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) because the government is not permitted to withhold a motion for such reduction based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a defendant's refusal to waive his appellate rights. The Government concedes error.

Amendment 775 to the Commentary to United States Sentencing Guidelines, which became effective November 1, 2013, provides that the Government should not withhold the additional one-level reduction under § 3E1.1(b) based on interests not identified in the guideline, such as whether the defendant agrees to waive the right to appeal. United States Sentencing Commission, *Guidelines Manual, Supp. to Appendix C*, Amendment 775, at 43-46 (Nov. 1, 2013). In *United States v. Villegas Palacios*, 756 F.3d 325, 326 (5th Cir. 2014), we applied Amendment 775 to a case on direct appeal in which the error was preserved and the Government conceded error.

In light of the amendment to § 3E1.1's Commentary, the holding in *Villegas Palacios*, and the Government's concession of error in the instant case, the district court's refusal to award Hernandez-Acosta the additional one-level for acceptance of responsibility was error. *See id.* Additionally, a review of the record shows that the error was not harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Accordingly, Hernandez-Acosta's sentence is VACATED and the case is REMANDED to the district court for resentencing consistent with this opinion.