JAMES E. GRAVES, JR., Circuit Judge,
concurring in part and dissenting in part:
I agree substantially with the factual summary and legal analysis in the majority opinion. I, therefore, concur in part with the conclusion to vacate Castillo’s sentence. However, I dissent in part from the conclusion to remand for a determination of whether Castillo’s sentencing objection was made in good faith. In my view, a post-plea, sentencing objection is simply not a valid basis upon which the government may withhold a § 3El.l(b) motion. Thus, I conclude that Castillo is undeniably entitled to the § 3El.l(b) reduction and the remand should be for resentenc-ing.
Section 3El.l(b) states the following:
If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or' greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.
U.S.S.G. § 3El.l(b) (emphasis added). Therefore, the plain language of the guideline indicates that if a defendant has a sufficiently high offense level and has received a decrease under subsection (a), she should also receive a reduction under subsection (b), if she has entered a timely guilty plea. Indeed that was the conclusion of this court in United States v. Tello, 9 F.3d 1119 (5th Cir.1993). In Tello, we held that a post-plea, post-conviction objection is not a proper basis to deny a § 3El.l(b) reduction because it in no way requires the government to prepare for trial. Id. at 1125-27. We explained that “the core purpose of subsection (b) ... is not ... concerned at all with when the defendant begins to serve h[er] sentence; it is concerned with when there is certainty that-sooner or later—the defendant unll be punished.” Id. at 1126.
Despite our precedent indicating that the focus of the § 3El.l(b) reduction is on the timely entry of a guilty plea, in United States v. Newson, 515 F.3d 374 (5th Cir.2008), this court held that a defendant’s refusal to waive her right to appeal was a permissible basis upon which the government could refuse to move under § 3El.l(b). The Fourth Circuit disagreed with us in United States v. Divens, 650 F.3d 343 (4th Cir.2011), and emphasized that the government’s discretion in choosing whether to move under § 3El.l(b) was limited to a determination of whether the defendant entered a timely plea of guilty. Id. at 346-48 (“Section 3El.l(b) thus instructs the Government to determine simply whether the defendant has ‘timely’ entered a ‘plea of guilty and thus furthered the guideline’s purposes in that manner. It does not permit the Government to withhold a motion for a one-level reduction because the defendant has declined to perform some other act to assist the Government.”). The Second Circuit agreed with the Fourth Circuit in United States v. Lee, 653 F.3d 170 (2d Cir.2011). The Second *328 Circuit explained that the Fourth Circuit’s observations that the government’s discretion was limited to considerations surrounding guilty pleas “applied] with equal force” to its holding that a post-plea, sentencing objection was an invalid basis for the denial of a § 3El.l(b) reduction. Id. at 174-75.
Following the filing of Castillo’s appeal, Amendment 775 to the Sentencing Guidelines became effective. Amendment 775 noted approval of Divens and implicitly indicated disapproval of Newson. See U.S.S.G., supp. to app. C, amend. 775, at pp. 43-46 (2013); accord U.S.S.G. § 3E1.1 cmt. n. 6. The amendment clarified § 3El.l(b) by adding an additional sentence stating, “[t]he government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal.” Id. Accordingly, in United States v. Palacios, 756 F.3d 325 (5th Cir.2014), we recognized that the government could not withhold a § 3El.l(b) motion due to the defendant’s failure to waive her appellate rights. Id.
Clearly, the focus of a § 3E 1.1(b) reduction motion is the timely entry of a guilty plea. Therefore, a sentencing objection is an impermissible basis for denying the additional reduction. The analysis should end there. But the majority adds the requirement that a defendant demonstrate that her post-plea sentencing objection is made in “good faith” in order to receive the reduction. Apparently, the majority reads the Second Circuit’s decision in Lee to state that the plain language of § 3El.l(b) disallows the denial of a § 3E 1.1(b) reduction on the basis of a post-plea, sentencing objection, so long as that objection is made in good faith. The majority also “interpret^] Amendment 775’s citing of the holding in Lee as implicitly endorsing” a good faith requirement. I disagree.
To the extent that we are to consider the Second Circuit’s opinion in Lee, I am not convinced that it institutes a good faith requirement. Notably, the court in that case adopted the plain language ruling of the Fourth Circuit in Divens.[8] See Lee, 653 F.3d at 175 (stating that the observations of the Fourth Circuit, that § 3El.l(b) instructs the government to determine simply whether the defendant’s guilty plea was timely, applied with “equal force”). Furthermore, in Lee, the Second Circuit did not remand for a determination of good faith but instead remanded for resen-tencing. Id. This was in spite of Lee’s challenge to the PSR’s findings, which the district court found to be without merit. See id. at 172. And insofar as Amendment 775 endorses the Second Circuit’s conclusions in Lee, it did not include a good faith requirement in its characterization of Lee’s holding. U.S.S.G., supp. to app. C, amend. 775, at pp. 43-46 (2013) (“The Second Circuit, stating that the Fourth *329 Circuit’s reasoning in Divens applies ‘with equal force’ to the defendant’s request for an evidentiary hearing on sentencing issues, held that the government may not withhold a § 3El.l(b) motion based upon such a request.”). Moreover, we are constrained by Tello’s explicit holding that a post-plea, sentencing objection is simply not a valid basis to deny a § 3El.l(b) reduction.
It further appears that the majority justifies its insertion of a good faith requirement on a notion that good faith is a consideration under subsection (a) and the government may consider factors under subsection (a) in deciding whether to move under subsection (b). The majority reaches this conclusion due to language added to the § 3El.l(b) commentary by Amendment 775 that states, “The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal.” U.S.S.G. § 3E1.1 cmt. n. 6. The majority agrees with the government that because the Sentencing Commission did not specify that the motion should be based on interests identified in § 3El.l(b) but instead stated it should be based on interests identified in § 3E1.1 (as a whole), the government is allowed to revisit its considerations in subsection (a) when deciding whether to move under subsection (b). This conclusion is contrary to a common sense reading of the guideline.
In order for the government to move under § 3El.l(b), the court must have first determined that a reduction is warranted under § 3El.l(a). See U.S.S.G. § 3El.l(b) (“If the defendant qualifies for a decrease under subsection (a), ... decrease the offense level by 1 additional level.”) (emphasis added). Therefore, even if it were proper for the government to consider all of the considerations under § 3El.l(a) before moving under § 3El.l(b), by the time the government is considering a motion under subsection (b), those factors have already been considered in favor of the defendant. To read § 3El.l(b) as allowing the government to negate findings under § 3El.l(a) would lead to internally inconsistent results, i.e. a § 3El.l(b) reduction being withheld because the factors for § 3El.l(a) were not met, although the defendant received a § 3El.l(a) reduction. Therefore, it is illogical, in my view, to derive a good faith requirement under § 3El.l(b) by revisiting the factors considered under subsection (a).
Furthermore, as Castillo points out, if the government is allowed to revisit the factors under subsection (a) when deciding whether to move under subsection (b) then there would be no legitimate reason for the Sentencing Commission to declare that a failure to waive the right to appeal is an invalid basis upon which to withhold the motion. Under the majority’s reasoning, one could argue that a defendant would need to have a “good faith” basis for not waiving her right to appeal in order to be entitled to the reduction. Yet, such a requirement was not inserted by the Sentencing Commission.
Thus, for the reasons outlined, I dissent from the reasoning in the majority opinion that leads it to reach a conclusion to remand for a determination of good faith. We should simply follow the clear language of the guideline and hold that the government may only consider trial preparation in deciding whether or not to move under subsection (b). In all other respects I concur.

. While the Lee court does mention a good faith requirement, it is most properly read as involving only that court’s conclusion that the government's refusal to move for an additional level of reduction due to a post-plea, sentencing objection was an unconstitutional violation of due process. See id. at 174 (“[A] defendant ... has a due process right to reasonably contest errors in the PSR that affect his sentence.... A defendant should not be punished for doing so. If there is a good faith dispute as to the accuracy of factual assertions in the PSR, the defendant's request that the dispute be resolved is not a permissible reason for the government to refuse to make the § 3El.l(b) motion[.]”). Because the Lee codrt provided three reasons for why the government’s refusal to move was unlawful, the first of which being the plain language interpretation adopted from Divens, we have no reason to reach the constitutional question in the case at hand and therefore, no reason to insert a good faith requirement.