# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40862

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO RIOS-PINTADO, also known as Javier Gonzalez-Lora,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-905

Before STEWART, Chief Judge, and HAYNES, Circuit Judge, and BROWN, District Judge.*

PER CURIAM:**

Defendant Mario Rios-Pintado appeals his sentence after conviction for being unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326. On August 5, 2013, the district court sentenced Rios-Pintado to 37 months in prison and three years of supervised release. The district court imposed a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B)

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40862

based on Rios-Pintado's 2011 conviction under Texas Health and Safety Code § 481.112(a) for delivery of a controlled substance. The district court also determined that the 2011 Texas conviction was an aggravated felony pursuant to 8 U.S.C. § 1326(b)(2). Moreover, at sentencing, the district court denied Rios-Pintado's request for an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), noting that the government had not moved for the additional one-level reduction.[1] The district court's determination was consistent with circuit precedent at the time. *See United States v. Newson*, 515 F.3d 374 (5th Cir. 2008). Rios-Pintado appeals these determinations. For the reasons that follow, we affirm the sentence.

## BACKGROUND

On October 10, 2012, Rios-Pintado was charged by a one-count indictment with having been found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). On November 13, 2012, he pleaded guilty to the indictment without a plea agreement.

The Probation Officer prepared a Presentence Investigation Report ("PSR"), and assessed a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a). The PSR identified a 2004 Texas conviction for unlawful possession of a controlled substance. The PSR also identified a 2011 Texas conviction for unlawful delivery of a controlled substance in violation of Texas Health & Safety Code § 481.112(a). Rios-Pintado's 2011 Texas indictment shows that he was charged with "unlawfully and knowingly deliver[ing] . . . [c]ocaine in an amount by aggregate weight, including any adulterants or dilutants of less than 1 gram." Rios-Pintado pleaded guilty to the 2011 Texas

---

[1] Rios-Pintado claims that the Government withheld the one-level reduction because Rios-Pintado would not waive his right to appeal. The government does not contest this assertion.

indictment, and he was sentenced to six months imprisonment. Accordingly, the PSR found that the 2011 conviction qualified as a "drug trafficking offense" imposing a sentence of 13 months or less, and the PSR recommended a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B).

The PSR determined that Rios-Pintado was entitled to a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). It noted that the government would not file a motion for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). Accordingly, the PSR calculated the total offense level to be 18.

The PSR noted that pursuant to U.S.S.G. § 4A1.3, the district court could consider an upward departure if it found that the defendant's criminal history category underrepresented the seriousness of his criminal history. In addition to the convictions noted above, the PSR identified a June 2, 2005 arrest in Dallas, Texas, for manufacturing/delivering a controlled substance. The PSR noted that the case was dismissed on June 12, 2012, due to Rios-Pintado's pending deportation.

Rios-Pintado filed an objection to the PSR, arguing that he should receive an additional one-level reduction under U.S.S.G. § 3E1.1(b) because he fully accepted responsibility for the crime. He argued that in light of the Fourth Circuit's decision in *United States v. Divens*, 650 F.3d 343 (4th Cir. 2011), the government may not refuse to move for the additional one-level reduction for acceptance of responsibility solely based on the defendant's decision not to enter a plea agreement containing an appeal waiver. He conceded that this argument was foreclosed by the Fifth Circuit's decision in *United States v. Newson*, 515 F.3d at 378. However, he noted that the United States Sentencing Commission proposed an amendment to the Sentencing Guidelines, by stating in Application Note 6 to § 3E1.1(b), "The government should not withhold such a motion based on interests not identified in

No. 13-40862

§ 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."

On July 31, 2013, Rios-Pintado filed a motion for leave to file an out of time objection to the PSR, arguing that his 2011 Texas conviction was not a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) or an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) and 8 U.S.C. § 1326(b)(2). He argued that the Texas statute criminalizes administering of drugs, which he asserted was not covered by either of the two relevant sentencing provisions. Accordingly, he contended that the 12-level enhancement was not warranted because "the state court documents do not preclude the possibility that his delivery conviction was based on authorized administration."

At the sentencing hearing, the district court overruled Rios-Pintado's objection regarding the additional one-level reduction for acceptance of responsibility, finding that the objection was foreclosed by Fifth Circuit precedent. The district court also overruled Rios-Pintado's objection regarding the 12-level enhancement, stating that it "comports factually and legally" with *United States v. Marban-Calderon*, 631 F.3d 210 (5th Cir. 2011).

In imposing the sentence, the district court stated that it had considered the factors set forth in 18 U.S.C. § 3553(a), and it found that "the aggravating factors outweigh those mitigating factors, particularly in light of this defendant's serious conviction history." The court noted that Rios-Pintado had two prior convictions for drug-related offenses: a 2004 conviction where he was given a deferred sentence, and a 2011 conviction where he was given a six-month sentence. The court observed that those sentences appeared to be "light," and that Rios-Pintado was "given breaks on both convictions." The district court then sentenced Rios-Pintado to 37 months imprisonment, a sentence at the top of the Guideline range, and three years of supervised release. The court further stated that:

4

No. 13-40862

I was really considering an upward departure of [sic] variance, but I'm taking into consideration the fact that the sentencing commission is reviewing this issue regarding the third point for acceptance. And even though the Court cannot give it, because the Government has not moved for it, taking that into consideration for not doing the upward variance or departure that I was originally thinking about doing, so the sentence is the same in that regard.

## STANDARD OF REVIEW

This Court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014). Rios-Pintado raises two issues on appeal. Because Rios-Pintado preserved these arguments in the district court, our review is *de novo. See United States v. Rodriguez,* 711 F.3d 541, 548 (5th Cir. 2013) (en banc).

## DISCUSSION

### I.

Rios-Pintado asserts that the district court erred by imposing a 12-level "drug trafficking offense" enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on his 2011 Texas conviction. For the same reasons, he also argues that the district court erred when it found that the 2011 conviction was an "aggravated felony" pursuant to 8 U.S.C. § 1326(b)(2).

U.S.S.G. § 2L1.2(b)(1)(B) provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 12 levels if the defendant was deported after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, if the conviction receives criminal history points. The commentary to § 2L1.2 defines a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or

5

No. 13-40862

dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

Rios-Pintado asserts that the Texas statute can be violated by "distributing," "administering," or "dispensing" of a controlled substance, whereas the Guideline definition of a "drug trafficking offense" comprehends only "distributing" or "dispensing" of a controlled substance. Therefore, he argues that his conviction for delivery of a controlled substance could have rested on a basis that did not qualify as a "drug trafficking offense" or an "aggravated felony." The government concedes that the federal definition of "delivery" does not include "administration" of controlled substances, but it asserts that the federal definition of "dispense" includes "administration" of controlled substances. Alternatively, the government asserts that Rios-Pintado's transfer of cocaine or offer to sell cocaine to another individual fell outside the meaning of "administering."

In *United States v. Teran-Salas*, 767 F.3d 453 (5th Cir. 2014), decided by this Court on September 15, 2014, the defendant challenged application of the § 2L1.2 "drug trafficking offense" enhancement under the same state statute on virtually the same grounds raised here. Rios-Pintado makes no argument to distinguish his case from the holding in *Teran-Salas*, and there does not appear to be any. Accordingly, his argument is foreclosed by circuit precedent.

In *Teran-Salas*, 767 F.3d at 461−62 & n.5, this Court held that a conviction under Texas Health and Safety Code § 481.112(a) of possession with intent to deliver cocaine was a drug trafficking offense for purposes of the U.S.S.G. § 2L1.2(b)(1)(A)(i) enhancement and an aggravated felony under 8 U.S.C. § 1326(b)(2). The Court engaged in a thorough analysis comparing

6

the Texas statute[2] to the Guidelines.[3] *Id.* at 458−59. The Court noted that "[u]nder the federal scheme, any administering of a controlled substance that falls under the federal definition for 'dispense' must be 'by, or pursuant to the lawful order of, a practitioner,'" whereas under Texas law, "the agent can administer by applying a drug in the presence of a practitioner." *Id.* at 459 (citing 21 U.S.C. § 802(10)). Accordingly, the Court found that there was a "theoretical possibility that a defendant can be convicted under Texas law for administering in a way that is not dispensing under the federal guidelines." *Id.* at 459.

Rios-Pintado was convicted of unlawful delivery of a controlled substance in violation of Texas Health and Safety Code § 481.112(a), which is a "divisible statute" in that it criminalized several discrete acts. *See Teran-Salas*, 767 F.3d 453, 460−62. Therefore, the Court applies the "modified

---

[2] The Texas code provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." *Teran-Salas*, 767 F.3d at 458 (citing Tex. Health & Safety Code § 481.112(a)). The Texas code defines "deliver" as "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia. . ." *Id.* (citing Tex. Health & Safety Code § 481.002(8)). The Texas code defines "distribute" as "to deliver a controlled substance other than by administering or dispensing the substance." *Id.* at 458−59 (citing Tex. Health & Safety Code § 481.002(14)). The Texas code defines "administer" as "to directly apply a controlled substance by injection, inhalation, ingestion, or other means to the body of a patient or research subject by: (A) a practitioner or an agent of the practitioner in the presence of the practitioner; or (B) the patient or research subject at the direction and in the presence of a practitioner." *Id.* at n.2 (citing Tex. Health & Safety Code § 481.002(1). "Accordingly, [under Texas law] one can possess with the intent to deliver by possessing with the intent to either distribute, dispense, or administer." *Id.* at 459 (citing *Santoscoy v. State*, 596 S.W.2d 896, 899 (Tex.Crim.App.1980)).

[3] The commentary to the federal Sentencing Guidelines defines a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Teran-Salas*, 767 F.3d at 459 (citing U.S.S.G. § 2L1.2 cmt. n.1(B)(iv)). The Court noted that the term dispense can include administering. *Id.* (citing 21 U.S.C. § 802(10)). "However, under the federal scheme, any administering of a controlled substance that falls under the federal definition for 'dispense' must be 'by, or pursuant to the lawful order of, a practitioner.'" *Id.* (quoting 21 U.S.C. § 802(10)).

categorical approach" for determining whether his prior conviction qualifies as a level-enhancing offense under the Guidelines, "look[ing] beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction." *Id*. at 459. Looking to the 2011 Texas indictment, it shows that Rios-Pintado was convicted of "unlawfully and knowingly deliver[ing] . . . [c]ocaine in an amount by aggregate weight, including any adulterants or dilutants of less than 1 gram."

Applying the same "common sense approach" that this Court applied in *Teran-Salas*, Rios-Pintado has not shown that it is a realistic possibility that a person either would be prosecuted for "administering" cocaine as that term is defined under the Texas statute or could "administer" cocaine in a manner that did not also constitute "dispensing" or "distributing" under the Guidelines. 767 F.3d 453, 460−62. Moreover, he has identified no prior Texas case applying the statute in an "administering" situation. *Id*. at 460−61. A theoretical possibility that a statute might encompass types of conduct that would not qualify as a drug trafficking offense is insufficient. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 197−98 (5th Cir. 2014). Accordingly, on *de novo* review, this Court finds that the district court correctly determined that Rios-Pintado's 2011 Texas conviction for delivery of a controlled substance was a drug trafficking offense pursuant to U.S.S.G. § 2L1.2(b)(1)(B) and an aggravated felony pursuant to 8 U.S.C. § 1326(b)(2).

## II.

Rios-Pintado argues that the district court erred when it denied his request for an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) because the government did not move for the additional reduction. In *United States v. Newson*, this Court held that a defendant's refusal to waive his right to appeal was a proper basis upon

which the government could decline to move for an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). 515 F.3d at 378. However, Amendment 775 to the Sentencing Guidelines became effective November 1, 2013, after Rios-Pintado was sentenced but while this appeal was pending. Amendment 775 provides: "The government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. supp. to app. C, amend. 775, at p. 43 (2013); *accord* U.S.S.G. § 3E1.1 cmt. n.6. During the pendency of this appeal, this Court held that Amendment 775 applies to cases pending on direct appeal. *Villegas Palacios*, 756 F.3d at 326. In a footnote, this Court explained that all active judges had assented to the opinion and that the en banc Court therefore concluded that "*Newson*—to the extent it may constrain us from applying Amendment 775 to cases pending on direct appeal under our rule of orderliness—is abrogated in light of Amendment 775." *Id.* at n.1.

On February 24, 2014, the government filed a Rule 28(j) letter into the record conceding that error occurred in this case because Rios-Pintado is entitled to the benefit of the November 1, 2013 amendment to U.S.S.G. § 3E1.1(b).[4] The government does not dispute that the additional one-level reduction was withheld because Rios-Pintado did not waive his right to appeal. In light of the amendment to § 3E1.1's commentary and the holding in *Villegas Palacios*, the district court's denial of Rios-Pintado's request for the additional one-level reduction for acceptance of responsibility was an error.

If the district court has misapplied the Sentencing Guidelines, then this Court must determine whether remand is appropriate. Improperly

---

[4] This Court is not bound by the government's concession of error. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 848 (5th Cir. 2012).

No. 13-40862

calculating a defendant's Guideline range is a procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). If a procedural error occurs during sentencing, remand is appropriate unless the government can establish that the error was harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009). The party seeking to uphold the sentence bears the burden of establishing that an error is harmless. *Id.* "A procedural error during sentencing is harmless if 'the error did not affect the district court's selection of the sentence imposed.'" *Id.* at 753 (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)). "[T]he harmless error doctrine applies only if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010). To satisfy this burden, the proponent of the sentence "must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *Id.* at 718 (quoting *United States v. Huskey*, 137 F.3d 283, 289 (5th Cir. 1998)). The sentence imposed must not be "influenced in any way by the erroneous Guidelines calculation." *Id.* at 719.

Rios-Pintado argues that the error was not harmless because the district court imposed a prison sentence of 37 months, using a Guideline range of 30 to 37 months, even though the correct Guideline range, with the additional one-level reduction, should be 27 to 33 months. He asserts that although the district court "mentioned imposing a higher sentence, it nowhere stated, and the record does not clearly show, that it would have . . . imposed the same sentence as a non-Guidelines sentence had the error not occurred and had a lower Guideline applied." The government contends that

the error is harmless because the district court would have imposed the same sentence. It asserts that the district court indicated that it would have departed or varied upward to reach the same sentence had Rios-Pintado received the additional one-level reduction.

Based on the correct offense level of 17 and a criminal history category of II, Rios-Pintado's properly calculated Guideline range would have been 27 to 33 months imprisonment, rather than 30 to 37 months imprisonment. However, the PSR, which was adopted by the district court, noted that Rios-Pintado's underrepresented criminal history category could be a basis for an upward departure under U.S.S.G. § 4A1.3.

Rios-Pintado asserts that the district court did not clearly state and the record does not clearly show that the district court would have imposed the same sentence had the error not occurred. This argument is unavailing because the district court stated that if Rios-Pintado was entitled to the additional one-level reduction it would have upwardly varied or departed to the same 37-month sentence it imposed without applying the additional one-level reduction. When it imposed the 37-month sentence, the district court stated that it had considered imposing an upward departure or variance. The district court also stated that it had considered the factors set forth in 18 U.S.C. § 3553(a), and it found that "the aggravating factors outweigh those mitigating factors, particularly in light of this defendant's serious conviction history." However, the court noted that it was "taking into consideration the fact that the sentencing commission is reviewing this issue regarding the third point for acceptance." Because the government had not moved for an additional one-level reduction for acceptance of responsibility, the court stated that it would not upwardly depart or vary, making "the sentence . . . the same in that regard."

11

No. 13-40862

The transcript from the sentencing hearing indicates that the district court was aware of a proposed amendment to the Guidelines. However, at the time of Rios-Pintado's sentencing, the Guidelines' commentary and circuit precedent dictated that the government could withhold the additional one-level reduction for acceptance of responsibility where the defendant had not waived his right to appeal. *See Newson*, 515 F.3d at 378. In an attempt to rectify this conflict between the existing law and a potential change in the law, the district court explained that it would have upwardly departed or varied had the proposed amendment to the Sentencing Guidelines been applicable, making "the sentence . . . the same in that regard." This statement clearly indicates that the district court would have upwardly varied or departed from the 27 to 33 month Guideline range, if the one-level reduction applied, to impose the same 37-month sentence Rios-Pintado received without it.

Here, the record shows that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error. *Ibarra-Luna*, 628 F.3d at 718. Further, the district court would have imposed a sentence outside the Guideline range for the same reasons that it imposed the sentence at the top of the Guideline range, based on its finding that "the aggravating factors outweigh [the] mitigating factors, particularly in light of [Rios-Pintado's] serious conviction history." Therefore, the sentence was not influenced in any way by the erroneous Guideline calculation. *Id.* at 719. Accordingly, the government has met its burden of demonstrating harmless error.

## CONCLUSION

For the foregoing reasons, Rios-Pintado's sentence is AFFIRMED.