# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

──────────

No. 17-10222
Summary Calendar

──────────

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMANCIO ABURTO-GAMINO, also known as Lucero Amburto,

Defendant-Appellant

──────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-193-1

──────────

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Amancio Aburto-Gamino was convicted of one charge of illegal reentry into the United States and was sentenced to serve 78 months in prison. Now, he argues that the district court erred by denying him the third point for acceptance of responsibility. This denial was based on the Government's refusal to move for the third point because he would not waive his appellate rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10222

Sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In conducting this reasonableness review, we first examine whether the district court committed any procedural errors, such as incorrectly calculating the advisory guidelines range. 552 U.S. at 51. Next, we determine whether the sentence was substantively reasonable. 552 U.S. at 51.

The district court erred by denying Aburto-Gamino the third point for acceptance of responsibility. *See United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014). Nonetheless, the error is harmless, as the district court's remarks show that it would have imposed the same sentence absent the error. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *United States v. Ibarra-Luna*, 628 F.3d 712, 713-19 (5th Cir. 2010).

AFFIRMED.