REVISED May 7, 2013

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-40642
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DIEGO DUQUE-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Diego Duque-Hernandez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b), and was sentenced to 51 months of imprisonment—the low end of his Guidelines range—and three years of supervised release. He appeals his sentence, arguing that the district court erred by applying a twelve-level adjustment to his base offense level for his previous commission of a drug trafficking offense.

Under § 2L1.2(b)(1)(B) of the Sentencing Guidelines, a twelve-level adjustment to a defendant's base offense level is applied if the defendant was

previously convicted of "a felony drug trafficking offense for which the sentence imposed was 13 months or less." A drug trafficking offense is defined as "offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense" U.S.S.G. § 2L1.2 cmt. Prior convictions involving the attempt to commit such offenses are included within this definition. § 2L1.2 cmt.

Duque-Hernandez was previously convicted of § 58-37-8(1)(a)(ii) of the Utah Criminal Code, which makes it a felony "to knowingly and intentionally: . . . distribute a controlled or counterfeit substance, or to agree, consent, offer, or arrange to distribute a controlled or counterfeit substance." The probable cause statement on the second page of the charging document, which was sworn to by a law enforcement officer, indicates that "the defendant offered to sell [an undercover officer] a substance which was represented to be cocaine." Noting that the Guidelines were amended in 2009 to include offers of sale as drug trafficking offenses under § 2L1.2(b)(1)(B), the presentence report recommended applying the adjustment on that basis, and the district court adjusted upward Duque-Hernandez's base offense level accordingly.

Because Duque-Hernandez did not object to the application of the adjustment, our review is for plain error. United States v. Mondragon-Santiago, 564 F.3d 357 (5th Cir. 2009). To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. See Puckett v. United States, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.; see also United States v. Escalante-Reyes, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) (declining "to adopt a blanket rule that once prejudice is found under the [third

plain error prong], the error invariably requires correction"). The Supreme Court recently reiterated the importance of this independent fourth assessment we must make before correcting an error urged on appeal for the first time. See Henderson v. United States, 568 U.S. ___, 2013 WL 610203, at *9 (Feb. 20, 2013) (emphasizing that the plain error rule "contains other screening criteria" in addition to the "error" and "plainness" requirements).

The objection Duque-Hernandez failed to raise at a timely point concerns the district court's adjustment of his base offense level, pursuant to § 2L1.2(b)(1)(B), on the basis of his previous conviction under § 58-37-8(1)(a)(ii) of the Utah Criminal Code. He contends that the statute of conviction encompasses conduct that falls outside the definition of a "drug trafficking offense" under § 2L1.2(b)(1)(B), and suggests that the probable cause statement included within his information is not Shepard-approved and should not have been relied upon to support the application of the adjustment.

Concluding that the sentencing error, if any, does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, we decline to exercise our discretion to correct it. See United States v. Ellis, 564 F.3d 370, 378–79 (5th Cir. 2009) ("[E]ven if an increase in a sentence [can] be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings."). Our conclusion rests on three considerations.

First, although we take no position on the propriety of using a probable cause statement included within a charging document to ascertain whether a prior state conviction qualifies as a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(B),[1] we perceive no error in reviewing this statement to assess

---

[1] The Fourth Circuit has held that affidavits of probable cause that are a part of the charging papers, or that are expressly incorporated into the charging papers, may be considered in determining the appropriateness of sentencing enhancements. See United States v. Kirksey, 138 F.3d 120, 126 (4th Cir. 1998).

whether the application of the drug trafficking adjustment seriously affected the fairness, integrity, or public reputation of the proceedings, cf. United States v. Trejo, 610 F.3d 308, 313 (5th Cir. 2010) ("In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction."). In this instance, reference to the probable cause statement included within the information to which Duque-Hernandez pleaded guilty indicates that he offered to sell cocaine to an undercover officer, a fact that, if proved or admitted, would have triggered the drug trafficking adjustment.

Second, we point out that Duque-Hernandez and his counsel were well-positioned to object to the drug trafficking adjustment, having previously raised the same argument on appeal to contest the sentence imposed for his prior illegal reentry conviction. See United States v. Duque-Hernandez, 227 F. App'x 326 (5th Cir. 2007). Yet counsel for Duque-Hernandez broadly stated, "We agree with the scoring"; or, in a light most favorable, he neglected to interpose the very objection he had asserted previously.

Finally, we note that Duque-Hernandez's sentence of 51 months of imprisonment has strong foundation. As his three prior federal illegal reentry convictions demonstrate, Duque-Hernandez has persistently disregarded the immigration laws of the United States. He has used aliases to evade detection and, once here, has violated the country's drug laws. He has previously been convicted of selling cocaine to an undercover officer, and, on this occasion, was captured attempting to enter the country with duffel bags full of illegal narcotics on behalf of a Mexican cartel. Among other crimes, Duque-Hernandez has also been convicted of domestic violence and carrying a concealed firearm.

The judgment of sentence is AFFIRMED.