# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50002

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TOMMY GARCIA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:13-CR-1512-1

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

Tommy Garcia appeals his 63-month sentence for importing and possessing marihuana with intent to distribute.  He urges that the court plainly erred

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50002

in assessing criminal history points for convictions that occurred more than ten years before the instant offense and therefore should not have been considered. Because the circumstances do not qualify for plain-error relief, we affirm.

I.

In May 2003, Garcia pleaded guilty of assault and domestic violence and was sentenced to 180 days in jail, suspended in favor of one year of probation. Later that month, he pleaded guilty of driving while impaired and was sentenced to another suspended 180 days. In September 2006, both probationary terms were revoked, and Garcia received concurrent 90-day jail terms.

Garcia committed the instant offense in June 2013. The presentence investigation report included four criminal history points for the 2003 convictions, yielding a guidelines range of 63 to 78 months. At sentencing, Garcia did not challenge the assessment of those points. The court imposed concurrent 63-month sentences. In explaining its decision, the court made the following comments regarding Garcia's criminal history:

> The problem is that when you decided to come down here—and this offense was committed down here and it's a federal offense—it puts you in a position of being a long distance from your mother, from your family.
>
> And you know, all I can do—though I appreciate the difficulties— and hopefully, while you're incarcerated, you'll get some help, and I'm going to recommend that—you know, various kinds of help. But I I— hopefully, you'll get—and I can recommend a facility close to where your mother is located. But you're looking—I mean, you have a long criminal history. The combination of this offense and your long criminal history puts you in a—in a bad situation.
>
> . . . .
>
> Based on the information provided, the circumstances of this case, your particular circumstances, in keeping with the factors of 3553(a), the goals of the sentencing guidelines, . . . a fair and reasonable sentence in this case is . . . 63 months of incarceration.

No. 14-50002

Now, I'm going to have it run concurrently on both counts. I know there were some objections regarding the criminal history scoring,[1] but I have to say to you that given your criminal history, given the decision to get involved in this, I certainly think that the 63 months is fair and reasonable and appropriate under your circumstances.

## II.

Plain-error review applies because Garcia raised his claim for the first time on appeal. *United States v. Duque-Hernandez*, 710 F.3d 296, 298 (5th Cir.), *cert. denied*, 134 S. Ct. 450 (2013). There are four requirements:

(1) there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned; (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights; and (4) if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.[2]

Garcia has satisfied the first prong: A sentence is counted for criminal-history purposes if, *inter alia*, it "was imposed within ten years of the defendant's commencement of the instant offense." U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(2) (2013). In the case of a revocation of probation, the date on which the sentence was "imposed" is "the date of the original sentence" where the term of imprisonment was one year and one month or less, and the defendant committed the offense on or after his eighteenth birthday. *Id.* § 4A1.2(k)(2). Because Garcia's sentences were imposed in May 2003, more than ten years before his commission of the instant offense in June 2013, the court erred in considering them.

---

[1] The objections mentioned here are unrelated to this appeal.

[2] *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (internal quotation marks omitted).

No. 14-50002

Garcia has also satisfied the second prong.  We have held that this type of miscalculation constitutes plain error,[3] and those precedents control.

Garcia has not satisfied the third prong, however.  "A sentencing error affected a defendant's substantial rights if there is a 'reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence.'"[4]  "Where . . . the sentence . . . falls inside both the correct and incorrect guidelines ranges, 'we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence.'"[5]  In that situation, "we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights."  *Id.*  Although such evidence exists if the court "indicat[ed] that the Guidelines range calculated . . . was a primary factor in the selection of the . . . sentence,"[6] mere "casual statements,"[7] "vague and ambiguous" comments,[8] or "evidence . . . of ambiguous or uncertain effect"[9] is insufficient.

The 63-month sentence is within both the correct range of 57 to 71 months and the incorrect range of 63 to 78 months.  Accordingly, Garcia must show that the court indicated the range was a primary factor in its decision; he has not done so, nor could he:  The court told him that "[t]he combination of

---

[3] *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam), *cert. denied*, 133 S. Ct. 1276 (2013); *United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006).

[4] *Avalos-Martinez*, 700 F.3d at 153 (quoting *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010)).

[5] *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam) (quoting *United States v. Campo-Ramirez*, 379 F. App'x 405, 409 (5th Cir. 2010) (per curiam)).

[6] *United States v. Pratt*, 728 F.3d 463, 482 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1328 (2014).

[7] *Id.*

[8] *United States v. Mudekunye*, 646 F.3d 281, 290 (5th Cir. 2011) (per curiam).

[9] *Campo-Ramirez*, 379 F. App'x at 409.

this offense and your long criminal history puts you in a—in a bad situation" and that "given your criminal history, given the decision to get involved in this, I certainly think that the 63 months is fair and reasonable and appropriate under your circumstances." Those comments demonstrate that the court considered Garcia's criminal history, but they do not clearly show that the range was a primary factor. Instead, they are similar to the ambiguous statements that we have found inadequate.[10]

The same is true of the other evidence Garcia identifies: the court's consideration of mitigating circumstances and the fact that the sentence was at the bottom of the incorrect range. Garcia is correct that "sentences falling at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge would have imposed a lesser sentence." *United States v. Rodriguez-Gutierrez*, 428 F.3d 201, 205 (5th Cir. 2005). But "[a]lthough we do not hold that this fact alone will establish that the . . . error affected the defendant's substantial rights, we do consider it to be highly probative, *when taken together with relevant statements by the sentencing judge indicating disagreement with the sentence imposed*." *Id.* (emphasis added).

There is no suggestion of such a disagreement here. The court analyzed the mitigating circumstances and imposed a sentence at the low margin of the identified range, but it also emphasized Garcia's criminal history and decision to commit yet another crime. That evidence does not clearly show that the guideline range was a primary factor, so Garcia has not established that the error affected his substantial rights.

AFFIRMED.

---

[10] *See, e.g.*, *Blocker*, 612 F.3d at 416 (in which court noted it was sentencing defendant to "about the middle of the guidelines range"); *Campo-Ramirez*, 379 F. App'x at 407 (explaining "that a sentence at the low end of the range is appropriate").