# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2021

Lyle W. Cayce
Clerk

No. 19-50447

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS SAUL BECERRA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-2541-1

Before KING, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

The opinion entered on October 6, 2020, and revised on October 21, 2020, is withdrawn.

Defendant, who pled guilty to child-pornography charges, appeals the district court's imposition of special conditions of supervised release that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50447

prevent him from using the Internet, computers, and other electronic devices for the ten years following his initial sentence of 151 months. For the reasons stated herein, we VACATE those special conditions and REMAND to the district court for resentencing proceedings consistent with this opinion.

## I.

In April 2018, FBI agents conducting an online investigation into child pornography identified an Internet Protocol ("IP") address sharing child pornography. The agents traced the IP address to defendant, Carlos Saul Becerra. Three months later, agents executed a search warrant at Becerra's residence and discovered several electronic devices, including laptop computers, mobile phones, and external hard drives. Becerra admitted to agents that the electronic devices belonged to him and that they would find child pornography downloaded onto the devices. Agents conducted a forensic examination of the devices seized from Becerra's residence and identified 11,205 photographs and 538 videos containing child pornography. Becerra had been involved in downloading child pornography for more than four years.

On January 17, 2019, Becerra pled guilty to receipt and distribution of a visual depiction involving the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and to possession of a visual depiction involving sexual exploitation of a minor under 12 years of age, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Following his guilty plea, a probation officer prepared a presentence investigation report ("PSR"). The PSR calculated a total offense level of 32. That total offense level, paired with Becerra's criminal history, resulted in an advisory sentencing range of 151 months' to 188 months' imprisonment. The PSR further recommended various special conditions of supervised release. In relevant part, the PSR recommended that "[t]he defendant shall not possess and/or use computers

2

(as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media," and "[t]he defendant shall not access the Internet." These conditions were "recommended because of the nature and circumstances of the instant offense, to protect the public from further crimes, and to support any of the recommendations made by the therapist during Becerra's sex offender treatment."

Becerra did not object to the PSR at his sentencing hearing. The district court sentenced Becerra to concurrent terms of 151 months' imprisonment, to be followed by ten years' supervised release. As part of Becerra's supervised release, the district court imposed, *inter alia*, the above-referenced special conditions. Becerra did not object to these conditions of supervised release at sentencing and now appeals.

## II.

When a defendant "[does] not object to th[e] condition of his supervised release at sentencing, [the court] review[s] for plain error." *United States v. Halverson*, 897 F.3d 645, 657 (5th Cir. 2018) (citing *United States v. Duque–Hernandez*, 710 F.3d 296, 298 (5th Cir. 2013)). To establish plain error, there must be (1) "a legal error or defect that has not been intentionally abandoned"; (2) that is "clear or obvious, rather than subject to reasonable dispute"; (3) that "affect[s] the appellant's substantial rights, which means that the appellant must show that the error affected the outcome of the district court proceedings"; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* The appellant "bears the burden as to each of these four [elements]." *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017).

We review conditions of supervised release in two steps. *United States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016). First, we must "ensure that the district court committed no significant procedural error," such as "failing to

adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, we consider "the substantive reasonableness of the sentence imposed." *Id.*

"A district court has wide, but not unfettered, discretion in imposing terms and conditions of supervised release." *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015). That discretion is statutorily limited in two ways. First, a condition of supervised release must be "reasonably related," 18 U.S.C. § 3583(d)(1), to one of four factors provided in 18 U.S.C. § 3553(a).[1] Second, the condition "must be narrowly tailored such that it does not involve a 'greater deprivation of liberty than is reasonably necessary' to fulfill the purposes set forth in § 3553(a)." *Duke*, 788 F.3d at 398 (quoting *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009)); *see also* 18 U.S.C. § 3583(d)(2).[2]

On appeal, Becerra challenges both the procedural and substantive reasonableness of his conditions of supervised release, arguing that the district court failed to explain the reasons for imposing the conditions and that the conditions are overbroad.

### III.

We start by addressing whether the district court "committed [a]

---

[1] The four factors are: (1) "the nature and characteristics of the offense and the history and characteristics of the defendant," (2) "the deterrence of criminal conduct," (3) "the protection of the public from further crimes of the defendant," and (4) "the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant." *United States v. Clark*, 784 F. App'x 190, 193 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 881, 205 L. Ed. 2d 490 (2020) (citing *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009)).

[2] Though not relevant to Becerra's appeal, conditions of supervised release must also be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

significant procedural error." *Gall*, 552 U.S. at 51. According to Becerra, the district court erred by failing to explain its reasons for imposing the computer and Internet conditions of supervised release. The Government responds that the record contains sufficient evidence to support the district court's imposition of the conditions.

Where the district court fails to adequately explain its reasons for imposing a special condition, we "may still affirm a special condition if we can infer the district court's reasoning after an examination of the record." *United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018) (citing *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015)). In this case, the district court provided only a brief explanation for the imposition of the special conditions at sentencing, in its judgment, and in its Statement of Reasons. However, the PSR—which the district court incorporated in its Statement of Reasons—did state that the conditions were "recommended because of the nature and circumstances of the instant offense, to protect the public from further crimes, and to support any of the recommendations made by the therapist during Becerra's sex offender treatment." Considering the PSR's explanation and the fact that Becerra used computers and the Internet in the commission of his offenses, we can infer the district court's rationale for imposing special conditions restricting his computer and Internet use. Accordingly, we find no procedural error.

## IV.

Becerra also challenges "the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51. Becerra argues that the special conditions of supervised release banning his computer and Internet use are overbroad because they were made unconditional. He contends that we have previously upheld such absolute restrictions only if they are limited in duration.

*A.*

First, we consider whether the district court erred in imposing absolute ten-year bans on computer and Internet use. *See United States v. Olano*, 507 U.S. 725, 732 (1993). We have rejected the idea that "an absolute prohibition on accessing computers or the Internet is *per se* an unacceptable condition of supervised release." *United States v. Paul*, 274 F.3d 155, 169–70 (5th Cir. 2001). Such absolute bans, however, have been affirmed only for limited durations such as three or five years. *See id.* at 157-58 (affirming an absolute, three-year ban on computer and Internet access); *United States v. Rath*, 614 F. App'x 188, 194 (5th Cir. 2015) (affirming an absolute, five-year ban on Internet access). We have rejected such bans where they effectively preclude a defendant "from meaningfully participating in modern society" for long periods of time. *Duke*, 788 F.3d at 400.

To that end, this court requires conditions restricting the use of computers and the Internet to be "narrowly tailored either by scope or by duration." *Id.* at 399. Where the duration of such restrictions is not narrowly tailored, the scope may be narrowed by permitting access when the defendant obtains the prior approval of the probation officer or the court. *See United States v. Miller*, 665 F.3d 114, 126 (5th Cir. 2011). However, even such prior approval requirements must generally be applied in such a way as to give defendants meaningful access to computers or the Internet. *See, e.g.*, *United States v. Sealed Juvenile*, 781 F.3d 747, 756–57 (5th Cir. 2015) (holding that a requirement of prior approval "is not to be construed or enforced in such a manner that the [defendant] would be required to seek prior written approval every single time he must use a computer or access the Internet"). We have therefore found plain error in a conditional ban extended over ten years where the prior-approval requirement was strictly applied such that the

No. 19-50447

defendant was required to get approval *every time* he sought to use a computer or access the Internet. *Clark*, 784 F. App'x at 193–94.

In this case, the district court erred by imposing restrictions on computer and Internet use that were not "narrowly tailored either by scope or by duration." *Duke*, 788 F.3d at 399. The ten-year bans in this case are absolute and would not even begin until after a 151-month term of imprisonment. We have repeatedly emphasized that "access to computers and the Internet is essential to functioning in today's society." *Sealed Juvenile*, 781 F.3d at 756; *see also Duke*, 788 F.3d at 400. The essential function of computers and the Internet in society will likely only increase over the twelve and a half years of Becerra's sentence—as will the corresponding burden of the special conditions. *See United States v. Perazza-Mercado*, 553 F.3d 65, 73 (1st Cir. 2009) ("Our concerns about [an] unqualified prohibition of home internet use are even more salient because the conditions . . . will only take effect . . . after the completion of [the] prison sentence. The importance of the internet in modern life has steadily increased over time, and we have no reason to believe that this trend will end."). The district court's special conditions should have been narrowed in their scope by, for example, permitting access with prior approval of Becerra's probation officer or the district court.

We therefore find that the district court erred in imposing conditions of supervised release that fail to ensure no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(2).

## B.

Next, we discuss whether the district court's error was plain. The Government contends that any error was not plain because there is no Fifth Circuit case directly on point. Becerra responds that we have previously "addressed unclear or prohibitive computer and internet restrictions."

7

To determine whether an error is plain, we "look to the state of the law at the time of appeal[] and . . . decide whether controlling circuit or Supreme Court precedent has reached the issue in question[] or whether the legal question would be subject to reasonable dispute." *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (internal quotation marks omitted).

Our existing precedent clearly establishes that an absolute ban on computer and Internet use imposed for ten years is overbroad. In one opinion, we reviewed supervised-release conditions that prohibited the defendant from accessing computers or the Internet without the prior written approval of a probation officer. *Sealed Juvenile*, 781 F.3d at 756–57. Although the precise duration of supervised release was unclear, it was less than ten years. *Id.* at 749, 750 n.2 (stating that the defendant is fifteen years old and the supervised-release conditions will apply after his eighteen-month confinement and until he turns twenty-one years old). We held that to the extent the supervised-release conditions required the defendant to seek prior written approval of a probation officer each time he accessed computers or the Internet, the conditions were "unreasonably restrictive." *Id.* at 756. Although we affirmed the conditions, we did so only subject to the instruction that they "not . . . be construed or enforced in such a manner that the Juvenile would be required to seek prior written approval every single time he must use a computer or access the Internet." *Id.* at 756–57.

Our holding in *Sealed Juvenile* necessarily invalidates the more-restrictive conditions at issue here. If requiring a defendant to obtain prior written approval to use computers or the Internet is unreasonably restrictive, then prohibiting the defendant from using computers or the Internet *at all* is unreasonably restrictive. This is especially so because a basis for our conclusion in *Sealed Juvenile* was that access to computers and the Internet is vital to function in modern society. *Id.* at 756.

We conclude that the district court's error in imposing absolute, ten-year bans on Becerra's computer and Internet use, to begin after Becerra serves his 151-month sentence, was plain.

### C.

To satisfy the third prong of plain error review, Becerra must show that the error affected his substantial rights. *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). An error affects a party's substantial rights when it changes "the outcome in the district court." *Id.* We have also found that unreasonable conditions related to Internet use affect defendants' substantial rights because of "the ubiquity and importance of the Internet to the modern world." *Clark*, 784 F. App'x at 194 (quoting *Duke*, 788 F.3d at 400); *see also United States v. Herndon*, 807 F. App'x 286, 291 (5th Cir. 2020) (same).

In this case, considering the importance of the Internet in contemporary society, we conclude that the district court's conditions restricting Becerra's computer and Internet use affect his substantial rights.

### D.

Finally, we must determine whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" such that we should exercise our remedial discretion. *Olano*, 507 U.S. at 736 (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). The Government argues that we should decline to exercise our discretion to vacate the conditions of supervised release because Becerra has not met his stringent burden of proof on this prong; he failed to object to the condition during sentencing; and the conditions are modifiable.

In analyzing this final prong of plain error review, "we look to 'the degree of the error and the particular facts of the case' to determine whether

to exercise our discretion." *United States v. Avalos–Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (quoting *United States v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010)). The Supreme Court recently advised that an error in sentencing is "precisely the type of error that ordinarily warrants relief." *Rosales–Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018); *see Herndon*, 807 F. App'x at 291 (applying *Rosales–Mireles* to conditions of supervised release). In particular, because such errors are "judicial errors," correction is favored. *Herndon*, 807 F. App'x at 291.

As to the Government's argument that the conditions could be modified, the Fifth Circuit has held that "a defendant faces an uphill battle" in asking the court to exercise its discretion to vacate a modifiable condition, but has made clear that modifiability is not dispositive of the issue. *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015); *see also Alvarez*, 880 F.3d at 242 ("[T]he ability of a defendant to modify a special condition is only one factor considered as we determine whether to exercise our discretion."). We have previously exercised our discretion to vacate improper but modifiable conditions. *See, e.g.*, *Clark*, 784 F. App'x at 194 n.2. The fact that "a sweeping ban on computer or internet use" may be modified in the future "does not immunize the ban from an inquiry that evaluates the justification for the ban in the first instance." *Duke*, 788 F.3d at 401 (quoting *United States v. Ramos*, 763 F.3d 45, 61 (1st Cir. 2014)).

Accordingly, because the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings, we conclude that this case warrants an exercise of discretion to correct the error.

## V.

For the foregoing reasons, we VACATE the district court's imposition of special conditions of supervised release barring Becerra's use of the Internet, computers, and other electronic devices for ten years and

No. 19-50447

REMAND for resentencing consistent with this opinion.[3]

_____

[3] On remand, the district court should consider "alternative measures previously approved by this court," including "conditioning [Becerra's] computer and Internet usage on receiving prior approval from his probation officer or the district court." *Duke*, 788 F.3d at 400 n.2. However, if the district court decides to impose such a condition, "it should be mindful not to fashion" the condition such that it would "impose 'the heavy burden of requiring prior written approval every time [the defendant] must use a computer or access the Internet for . . . salutary purposes.'" *Id.* (quoting *Sealed Juvenile*, 781 F.3d at 757).